Groves et ux. *v.* Bailey et al.

---

JAMES A. GROVES et ux. *vs.* THOMAS G. BAILEY et al.

The verdict of the jury in this case, is not in accordance with the issue joined by the parties.
It is very clear there was sufficient ground for suing out the attachment. *Held,* that there is error in the decision of the court below.

IN error from the circuit court of Attala county; Hon. Robert C. Perry, judge.
The opinion contains the facts of the case.

*James A. Groves,* for plaintiffs in error.

*Ellis*, for defendants in error.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiffs in error commenced suit in the circuit court of Attala county, by attachment against the defendants in error, on the ground that said defendants "had concealed their effects," so that the plaintiffs' claim could not be made by the ordinary process of law.

The defendants appeared, and pleaded to the attachment, "that they had not concealed their effects so that the plaintiffs' claim could not be made by law." To this plea the plaintiffs replied, that "at the time of suing out the attachment, the defendants had concealed their effects, so that the plaintiffs' claim could not be made by ordinary process of law."

Upon the issue thus presented, a jury was impanelled, who found "that the defendants were not concealing their effects at the time of suing out said attachment, so that the claim of the said plaintiffs would be defeated; and that there was not good cause to sue out the attachment." Whereupon the court rendered a judgment quashing the attachment. From which judgment the case comes into this court by writ of error.

The verdict of the jury is clearly not in accordance with the issue made by the parties. The affidavit and replication both state that the concealment had taken place before the attachment was sued out. The verdict says, "that the defendants were not concealing their effects at the time of suing out the writ." This may be true, and not inconsistent with the affidavit and replication, which do not speak of a concealment of effects then going on, but of one having already taken place. And the fact that the concealment had been accomplished would only make the fact found by the verdict true, but immaterial, that the defendants were not, at the date of the writ, concealing their effects.

But it is manifest from the testimony, that there was good and sufficient ground for suing out the attachment. It is clear, that Simpson, the main defendant, was preparing to leave the country, as will fully appear by the advertisement he caused to be published in the newspaper in his county. By this he states,

50 *

that he had sold his property preparatory to leaving for California, and wished his debtors to come forward and settle without delay; and that those who disregarded that notice, would find their accounts in the hands of an officer for collection. There is in the record other evidence even stronger than this; and which, in our opinion, ought to have produced a different result before the jury.

We are, therefore, of opinion that the new trial should have been granted.

Judgment reversed, and new trial granted.