FELIX MEIGHEN *et al.*, Appellant, *vs.* WILLIAM H. STRONG, Respondent.

APPEAL FROM THE DISTRICT COURT OF FILLMORE COUNTY.

In an action brought under the statute to determine a conflicting claim to real estate, a denial of the Plaintiffs' possession forms an issue that must be tried; and it is error to enter judgment until such issue is determined.

The record of a deed for the conveyance of lands in this State, executed in the presence of but one witness only, cannot be admitted in evidence.

Where, as in this State, the statute prescribes the manner in which only a conveyance of real property by deed can be made, any attempt to convey without complying with the requisites of the statute must be treated as a nullity; and the Legislature could not give it validity so as to affect persons who may have subsequently acquired title to the property, without divesting them of rights which they had legally acquired.

Where there were several issues of fact, joined in the pleadings, and the jury having been sworn to try the issues joined between the parties, found and returned a special verdict which passed upon but one issue, and a judgment was predicated upon such verdict only—*Held*, that the verdict was not sufficient to warrant the judgment.

Points and Authorities for Appellants.

This action was brought under *section 1, of chapter 64, of the Public Statutes*, for the purpose of having determined an adverse claim of Defendants to certain real property. The Plaintiff recovers, if at all, upon his possession "by himself or his tenant," and having failed to prove such possession, the Defendants were entitled to the nonsuit or dismissal, as moved for on the trial. It was error in the Court below to refuse it.

The Court below erred in admitting the deposition of Pickett, taken under the provisions of *chapter 84 of the Public Statutes*, relating to "taking the testimony of witnesses within this State." That chapter provides, *sec. 18*; that the deposition shall be delivered by the Justice to the Court, &c., "or shall be enclosed and sealed by him and directed, &c." It did not appear that these provisions were complied with, and the deposition ought, therefore, to have been excluded.

The deed from Hayles to Brockett having been executed in the presence of but one witness, conveyed nothing, and the

record thereof ought not to have been admitted in evidence. *Pub. Stats.*, *chap.* 35, *sec.* 8, *and* 14 *to* 22 *incl.*; *Act of July* 26, 1858, *sec.* 1; *Pub. Stats.*, 403, *sec.* 52; *Act March* 4, 1854, *sec.* 2; *Id.*, 402, *sec.* 41; *Good's Leesee vs. Zercher*, 12 *Ohio*, 364; *Meddock vs. Williams*, 12 *Id.*, 377; *Silliman v. Cummings*, 13 *Id.*, 116.

Points and Authorities for Respondent.

I.—Actual possession has been proved.

II.—No adverse possession being proved, the constructive possession resulting from a claim of legal title under a recorded deed is sufficient to support this action. *Royall vs. Lisle*, 15 *Geo.*, 545.

III.—Possession of a particular parcel of land under colorable title is possession of the whole embraced in that title. *Hibbard vs. Foster*, 24 *Vt.* (1 *Deane*), 542; *Thomas vs. Kelly*, 13 *Ired.*, 269; *Swift vs. Gage*, 26 *Vt.* (3 *Deane*), 224; *Chiles vs. Conley*, 9 *Dana*, 385; 9 *Vt.*, 383.

IV.—Actual residence and cultivation are not necessary to maintain possession of timber land. *Stephens vs. Leach*, 19 *Penn.* (7 *Harris*), 262; *Ellicott vs. Pearl*, 1 *McLean*, 206; *Tredwell vs. Reddick*, 1 *Iredell*, 56; *Spear vs. Ralph*, 14 *Verm.*, 400.

V.—The deposition objected to was enclosed, sealed, directed and transmitted, as required by Statute, but if not, an objection to the sufficiency of the endorsements on the wrapper should be made before the envelope is opened. *Brumskell vs. James*, 1 *Kernan*, 294; *Park vs. Bancroft*, 12 *Alabama*, 468.

VI.—It does not appear that the deposition was material to the issue, nor that the evidence without it would not have justified the verdict. The objection was technical, and the verdict should not be disturbed unless it appears that injustice was done. 1 *Graham & Waterman on New Trials*, 341; *Johnson vs. Blackman*, 11 *Conn.*, 342; *Kimberlin vs. Faris*, 5 *Dana*, 533; *Barry vs. Bennett*, 5 *Met.*, 354.

VII.—The deed objected to, was made legal and valid by act of the Legislature, passed July 26, 1858. *Pub. Stat. of*

*Minnesota*, 403; *Watson vs. Mercer*, 8 *Pet.*, 88; 3 *Watts*, 294, *S. P.* 8 *Mass.*, 472.

VIII.—The jury found that Meighen had actual notice of a deed from Hayles to Brockett.

No one can dispute the validity of such deed, except a *bona fide* purchaser, without notice.

IX.—The execution of such deed was not in issue, being admitted by the answer.

NORTON & MITCHELL, and R. WELLS, and N. P. COLBURN, Counsel for Appellants.

H. C. BUTLER, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—This action was brought under that provision of our statute which authorizes any person in possession of real property by himself or tenant, to commence an action against any one claiming an adverse interest or estate therein, for the purpose of having such adverse estate or interest determined. *Comp. Stat.*, 595, *Sec.* 1. The evident design of the legislature in passing this act, was to give to parties in possession of real property, the same facilities for testing the merits of adverse claims of title, that are always at hand for those who are excluded from the possession, but claim an estate therein adverse to that of the occupant. The latter may at any time, before they are barred by the statute of limitations, bring an action against the occupant to recover the possession of which they are deprived ; while the occupant, being in the enjoyment of all his rights, has, without the aid of the statute, no right of action until he has in some manner been interfered with. He would therefore have to await the leisure of those claiming adversely, and they may never urge their claims until the evidences by which the title of the occupant is established, or their own repelled, may become lost or obscured. To avoid such a contingency the statute authorizes the occupant to institute proceedings against any one claiming an adverse interest or estate, by which the party so claiming is forced at once, either to establish his claim, or abandon it altogether. Such being

the object and design of the law under consideration, the importance to the Plaintiff of showing himself in possession of the premises, is apparent; for on that depends his right to bring the action under the statute. In the present case the Plaintiff made the necessary allegation as to his possession, and the Defendants by their answer put his possession directly in issue. On the trial of this issue, after the Plaintiff had submitted all his testimony touching his possession, the Defendants moved the Court to dismiss the action, on the ground that the Plaintiff had failed to show himself in possession of the property in dispute. The Court refused to dismiss, and the refusal is here urged as ground for reversing the judgment.

The evidence on this point, which the record discloses, is not very satisfactory, but still, if the jury were to pass upon that issue, there was enough perhaps to justify the Court in submitting the evidence to them, with proper instructions as to its legal effect.

There is, however, another point made in this case, wherein we think the decision was clearly erroneous. The Court admitted in evidence under the objection of the Defendants, the record of a deed from Hayles to Brockett, which appears to have been executed in the presence of one witness only. In the case of *Parret vs. Shaubhut*, 5 *Minn.* 323, this Court decided that the statute, which requires that a conveyance of lands shall be executed in the presence of two witnesses who shall subscribe their names thereto as such, is imperative, and must be complied with to give the instrument any validity as a conveyance. Every conveyance of lands must be in writing, under seal, signed by the grantor, and executed in the presence of two witnesses, who shall also sign the same as such. Each of these requirements is essential to the validity of the conveyance, and one cannot be dispensed with more than another. Had the contract of conveyance to Brockett been, by parol, or without seal or signature, it would have been regarded as an attempt only to convey the lands; and no one, even with a full knowledge of such attempt, would, on that account, alone, have hesitated to purchase from Hayles; and yet, by the statute, it is no more essential that

the conveyance should be in writing, or signed or sealed by the grantor, than that it should be executed in the presence of, and attested by two witnesses.

In this view of the law it will be apparent that it is wholly immaterial whether the Defendants, or either of them, knew of the attempted conveyance by Hayles to Brockett, at the times they respectively purchased the premises. At the time of the conveyance from Hayles to Meighen, Hayles had not yet conveyed away his title, and unless there were facts bearing upon the transaction, other than the mere void conveyance to Brockett, Meighan had a right to disregard Brockett's deed, and take a conveyance to himself; just as he might have done had Hayles attempted to convey the land to Brockett by parol, or by an instrument without signature or seal. The act of July 26, 1856, declaring all conveyances executed in the presence of one witness, to be legal and valid, (*Com. Stat.*, 403-4,) does not, in our opinion, aid the Plaintiff. The rights of the Defendants had accrued before this act was passed. Where there has been an actual conveyance of lands, but the conveyance is defectively executed, the Legislature may cure the defect, so far, at least, as to bind the parties thereto; for if the defect relates merely to the evidence by which such a conveyance is to be established, the rule of evidence may be so changed as to enable it to be shown by evidence, which, without such change, would have been adjudged insufficient; and this would be binding not only upon the parties, but all who subsequently acquire title with a knowledge of the former conveyance. In that case the Statute would operate, not upon the conveyance itself, but upon the evidence by which it is to be established; and could not be said to affect the title, for that had already passed, though the evidence of it was insufficient. But when, as in this State, the Statute prescribes the manner in which only a conveyance of real property by deed can be made, any attempt to convey without complying with the requisites of the Statute, must be treated as a mere nullity; and the Legislature could not give it validity, so as to affect persons who may have subsequently acquired title to the property, without divesting them of rights which they had legally acquired.

There are other questions arising upon this record which we cannot forbear alluding to, although they are not presented by counsel; nor are they necessary to the decision of this case. This is an action in which, by the terms of the Statute, all the issues of fact must be tried by the Court, unless by the order of the Court, or the consent of the parties, they, or some specific fact involved therein, are submitted to a jury or referee. *Com. Stat.*, 557, *sec.* 6 and 7. It seems, however, to have been assumed in this case, that the issues must be tried by a jury, for the record shows no order of Court for the submission, nor any consent of parties that a jury should try the issues. The jury were sworn to try " the issues joined between the parties," but instead of finding upon all the issues, or generally for the Plaintiff, they return a verdict which is special in form, and refers to but one issue. It was recorded in the language following:

" We, the jury, find that at the time the deed was made by J. B. Hayles to Meighen, that Meighen had notice of a deed having been made by Hayles to Brockett."

This verdict falls far short of determining " the issues joined between the parties," and yet, as appears by the record, the judgment for the Plaintiff is predicated wholly upon this finding. The verdict is not sufficient to warrant the judgment, so long as the issue as to the Plaintiff's possession remains undisposed of. For we might admit all that is found by the jury, and even that the land had been conveyed to Brockett by an instrument sufficient in every particular; and yet if the Plaintiff was not in possession, he could not maintain this action. The judgment is erroneous therefore in any aspect of the case. The issue as to the Plaintiff's possession having been made, should have been determined in favor of one party or the other. If it was submitted to the jury, they should have passed upon it, and if it was not so submitted, it should have been decided by the Court.

The order of the Judge, refusing to set aside the verdict and grant a new trial is reversed, and a new trial awarded.