JOHN CANNON ET AL. V. MARGARET SMITH.

FILED APRIL 10, 1896.    No. 6221.

Pleading: VERDICT: EJECTMENT. A verdict in order to sustain a judgment must respond to the issues made by the pleadings, or to the allegations of the successful party.

ERROR from the district court of Greeley county. Tried below before HARRISON, J.

J. R. Hanna and T. J. Doyle, for plaintiffs in error.

M. B. Gearon, contra.

POST, C. J.

This was an action of ejectment in the district court for Greeley county in which judgment was entered in favor of the defendant in error, who was also defendant below, and which has been brought to this court for review by means of the petition in error of the unsuccessful party. The petition below is as follows:

"1. The plaintiffs, John Cannon and Ellen Cannon, complain of the defendant, Margaret Smith, for that the plaintiffs have a legal estate in and are entitled to the possession of the following described premises, to-wit: The east 200 feet of the northeast quarter of section 21, in township 18, range 11, situated in Greeley county, Nebraska, and the said defendant, ever since the 15th day of May, 1889, has unlawfully kept, and still keeps, the plaintiff out of possession of said premises.

"2. The defendant, while unlawfully in possession of said premises, has received the rents and profits thereof from the 15th day of May, 1889, to the commencement of this action, amounting to the sum of $100. The plaintiffs therefore pray judgment for the delivery of the possession of said premises to them, and also for the sum of $100 rents and profits, and for costs of suit."

To the foregoing petition an answer was filed in the following words: "Now comes the defendant by her attorney, M. B. Gearon, and for answer to plaintiffs' petition denies each and every allegation therein set forth, except that the plaintiffs are the owners in fee of said premises, which defendant admits."

The issues thus made were tried to a jury, by which the following verdict was returned: "We,

Cannon v. Smith.

the jury in this case, being duly impaneled and sworn, do find and say that the plaintiff has not a legal estate in, and is not entitled to the possession of the premises described in the petition."

Numerous errors are alleged as grounds for a reversal of the judgment, but one of which will be noticed at this time. It is contended that the verdict responds to no issue of the pleadings and will not, therefore, sustain the judgment complained of. By a careful analysis of the pleadings it will be observed that the only question at issue was that of the possession of the defendant below, and as to which the verdict is silent. It would seem, therefore, that the objection is well taken, and that the district court erred in rendering judgment upon the verdict.

It is, however, strenuously insisted that the insufficiency of the verdict was not relied upon below. We observe in the record evidence tending strongly to corroborate that statement, although the question is presented by a sufficient assignment of the motion for a new trial, and also by the petition in error. It follows that the judgment must be reversed and the cause remanded for further proceedings in the district court.

REVERSED.

HARRISON, J., not sitting.