HAMILTON, RESPONDENT, *v.* MURRAY, APPELLANT.

(No. 1,660.)

(Submitted October 10, 1903. Decided November 4, 1903.)

*Ejectment—Verdict—Responsiveness to Issues—Appeal from
an Order Denying a New Trial—"Decision Against Law"—
Review—Ouster—Intent.*

1. A verdict is bad which is not responsive to and decisive upon every material
   issue submitted to the jury.
2. Plaintiff in ejectment alleged ownership and possession, and ouster by de-
   fendant. Defendant's answer denied all plaintiff's allegations. On the trial
   the controverted issue was as to the location of a boundary line. The
   jury returned a verdict "in favor of the plaintiff and against the defendant
   for the possession of the premises in controversy," etc. *Held,* that the
   verdict was bad, as not responding to all the material issues.
3. Under Code of Civil Proceduree, Sections 1170, 1171, a verdict which fails
   to decide every material issue raised by the pleadings, is a "verdict against
   law," hence, such question may be reviewed on appeal from the order
   denying a new trial, though there is no appeal from the judgment.

4.　In ejectment for building on plaintiff's premises, the fact that defendant was ignorant of the boundary line, and the intrusion was the result of his mistake or inadvertence, is no defense.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Patrick J. Hamilton against James A. Murray. Judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Mr. M. J. Cavanaugh,* for Appellant.

If a stranger begin to build on land supposing it to be his own, and the real owner, perceiving his mistake, abstains from setting him right and leaves him to persevere in his error, a court will not afterwards allow the real owner to assert his title to the land. (*Ramsen* v. *Dysen,* 1 H. of L. 129; Code of Civil Procedure, Sec. 3265.)

It is not necessary to plead license or permission; only technical estoppel should be pleaded, and technical estoppel is by deed or record. (*Hostler* v. *Hayes,* 3 Cal. 304; *Churchill* v. *Bauman,* 95 Cal. 541, 30 Pac. 770; Broom, Max. p. 265; Civil Code, Sec. 4606.)

The verdict is against law, for the reason that it does not determine the issues presented in the action. (*Singleton* v. *Ake,* 3 Hump. (Tenn.) 626; *Cromelin* v. *Minter,* 9 Ala. 594; *Huffaker* v. *Boring,* 8 Ala. 87; *Sturdevant* v. *Murrell,* 8 Port. (Ala.) 317; *Jenkins* v. *Noel,* 3 Stew. (Ala.) 75; *Fenwick* v. *Floyd,* 1 Har. & G. (Md.) 172; *Clark* v. *Clark,* 7 Vt. 190; *Clay* v. *White,* 1 Munf. (Va.) 162; *Gregory* v. *Jackson,* 6 Munf. (Va.) 25.)

*Messrs. Sanders & Sanders,* for Respondent.

There can be no equitable estoppel without the element of fraud present. (*Watson* v. *Sutro,* 86 Cal. 500; *Stafford* v. *Hornbuckle,* 3 Mont. 487; *Ferris* v. *Coover,* 10 Cal. 589, 632; *Alexander* v. *Kirr,* 2 Rawle, 90; *Crest* v. *Jack,* 3 Watts, 239;

*Carr* v. *Wallace,* 7 Watts, 400; *Robinson* v. *Justice,* 2 Penn. 22; 11 Am. & Eng. Ency. Law, 434, 439; *McGarrity* v. *Byington,* 12 Cal. 423; *Boggs* v. *Merced Min. Co.,* 14 Cal. 279; *Leonard* v. *Flynn,* 24 Pac. 1079; *Griffith* v. *Brown,* 18 Pac. 372; *Griffith* v. *Wright,* 6 Colo. 248; *Dean* v. *Parker,* 26 Pac. 91; *Rayner* v. *Drew,* 72 Cal. 307, 313; *Breeze* v. *Brooks,* 71 Cal. 169; *Lux* v. *Haggin,* 69 Cal. 255, 266; *Flege* v. *Garvey,* 47 Cal. 371, 377; *Smith* v. *Penny,* 44 Cal. 161, 166; *Martin* v. *Zellerbach,* 38 Cal. 300, 315; *Carpentier* v. *Thirston,* 24 Cal. 269, 282; *Clark* v. *Cooledge,* 8 Kan. 189; *Wendell* v. *Van Rensslear,* 1 Johns. Ch. 354; *Parker* v. *Parker,* 2 Metc. 423; *Brewer* v. *B. & W. R. R. Co.,* 39 Am. Dec. 694; *Hill* v. *Epley,* 31 Pa. St. 331; *Martin* v. *Angell,* 7 Barb. 407; *Otis* v. *Sill,* 8 Barb. 102; Bigelow on Estoppel, 502; *Smith* v. *Hamilton,* 20 Mich. 438; *Kellogg* v. *Smith,* 7 Cush. 375; *Lennox* v. *Hendricks,* 4 Pac. 515; *Christianson* v. *Linford,* 26 N. Y. Superior Ct. Rep. 215; *Miller* v. *Platt,* 5 Duer, 273; *Swick* v. *Sears,* 1 Hill, 17; *Graham* v. *Hite,* 20 S. W. 506; *Schmidt* v. *Blanc,* 6 Atl. 669; *Collins* v. *St. Peters,* 27 Atl. 425; *McMasters* v. *Pres. etc. I. Co.,* 55 N. Y. 222.)

If defendant intends to rely upon an equitable estoppel as a defense in an action in ejectment, before he can take advantage of it as such defense, he must specifically plead it. (*De Votie* v. *McGerr,* 24 Pac. 925; *Lamme* v. *Dodson,* 4 Mont. 560, 590; *Arguella* v. *Bours,* 67 Cal. 450; *Hicks* v. *Lovell,* 64 Cal. 18, 21; *Clarke* v. *Huber,* 25 Cal. 594; *Davis* v. *Davis,* 23 Cal. 39; *Carly* v. *Dowdell,* 115 Cal. 677, 688.)

In an action in ejectment the legal title will always prevail against an equitable one, if no equitable defense is pleaded. (*Dorn* v. *Baker,* 96 Cal. 206; *Hartley* v. *Brown,* 46 Cal. 465; *Hartley et al.* v. *Brown et al.,,* 51 Cal. 202; *Kentfield* v. *Hayes,* 57 Cal. 409.)

A judgment will not be disturbed because upon some different state of pleadings defendant might have been entitled to recover. (*Rogers* v. *Kimball,* 121 Cal. 247.)

MR. COMMISSIONER CALLAWAY prepared the opinion for the court.

This is an appeal from an order denying defendant's motion for a new trial. Verdict and judgment were for plaintiff. The action is ejectment. The complaint alleges "that on or about the 14th day of August, 1897, the plaintiff was the owner, and seised in fee, and possessed and entitled to the possession" of the land sued for, and that while he was so the owner, seised, possessed, and entitled to the possession of the same, the defendant on said day entered into and upon the same and ousted and ejected the plaintiff therefrom, and ever since that day has withheld and still withholds the possession thereof from the plaintiff. Defendant's answer denies all the allegations of the complaint, or, at any rate, has been treated by the parties as accomplishing that result, and also sets up other matters not important to be noticed here. The land in controversy is the east ten feet of lot 28, in block 23, original townsite of Butte. It is plain that the complaint and answer sought to litigate the following issues: The plaintiff's ownership, right of possession, and possession of the land mentioned, and whether the defendant has ousted the plaintiff therefrom, or any portion thereof.

The exact point in controversy is whether the defendant has erected a building which is partly upon plaintiff's land, and therefore the gravamen of the action is to discover where the boundary line is between the lands of the plaintiff and defendant. At the trial plaintiff's formal proof as to his ownership, right of possession, and possession of the east ten feet of lot 28 was not controverted by defendant. The combatted issue was whether the defendant had ousted and ejected the plaintiff from the east ten feet of lot 28, or some portion of it, and the parties directed their energies to this point. The plaintiff offered evidence tending to prove that defendant's building encroaches upon his ground, and the defendant offered evidence to prove directly the contrary. The jury returned the following verdict: "We, the jury in the above-entitled action, find a verdict in favor of the plaintiff and against the defendant for the posses-

sion of the premises in controversy in this action, to-wit, the east
10 feet of lot 28 in block 23 of the original townsite of Butte,
Montana, and we assess plaintiff's damages at one dollar." It
will be observed that this is neither a general nor a special ver-
dict. (Sec. 1100, C. C. P.) It is manifest that
when it was rendered the respective parties were left
in the same position they occupied when the trial
began. So far as the real issues were concerned nothing
whatever was accomplished by the trial. In fact, this case dis-
closes a clear instance of a mistrial. The verdict did not re-
spond to all the material issues framed by the pleadings. It did
not decide the question of ownership or right of possession, and,
what is worse, it did not decide the boundary question, which
is what the parties were fighting over. In finding for the plain-
tiff for possession merely, the jury left undecided the question
of title, which was directly alleged and directly denied; and the
defendant, so far as one can determine from the verdict, may be
actually the owner of the ground described in the complaint.

"A verdict is bad if it varies from the issues in a substantial
matter, or if it find only a part of that which is in issue. The
reason of the rule is obvious; it results from the nature and the
end of the pleading. Whether the jury find a general or a
special verdict, it is their duty to decide the very point in issue;
and, although the court in which the the cause is tried may give
form to a general finding, so as to make it harmonize with the
issue, yet if it appears to that court, or to the appellate court,
that the finding is different from the issue, or is confined to a
part only of the matter in issue, no judgment can be rendered
upon the verdict." (*Patterson* v. *United States,* 2 Wheat. 221,
4 L. Ed. 224.)

"A verdict which finds but part of the issues, and says nothing
as to the rest, is insufficient, because the jury have not tried the
whole issue." · (*Holt* v. *Van Eps,* 1 Dak. 206, 46 N. W. 689.)

It may be stated as a general rule that the verdict should be
responsive to and decisive upon every material issue submitted
to the jury; in other words, it should comprehend the whole of

the issue or issues submitted. (*McCleary* v. *Crowley,* 22 Mont. 245, 56 Pac. 227; *Tompkins* v. *Corry,* 14 Ga. 118; *Meighen* v. *Strong,* 6 Minn. 177 (Gil. 111), 80 Am. Dec. 441; *Cannon* v. *Smith,* 47 Neb. 917, 66 N. W. 999; *Traun* v. *Wittick,* 27 Ala. 571; *Moore* v. *Moore,* 67 Tex. 293, 3 S. W. 284; *Gross* v. *Sloan,* 54 Ill. App. 202; 22 Ency. Pl. & Pr. 864.)

When the jury returned with this imperfect verdict, the court should not have received it, but should have remanded the jury for further deliberation, with appropriate instructions. (*St. Clair* v. *Caldwell,* 72 Ala. 527.)

As this case must be remanded for a new trial, we suggest that the court submit to the jury, in addition to a form of general verdict finding upon all of the issues, a special finding to this effect: Does the building of the defendant encroach upon the land of the plaintiff, and, if so, how far? The real question for determination being the location of the boundary line between the lands of the litigants, should be finally and definitely disposed of at the new trial, and could have been at the trial had upon the evidence adduced.

It may be contended, however, that, as there is no appeal from the judgment, the general rule being that a verdict against law is where the verdict is rendered contrary to the court's instructions, no new trial can be granted, because the appellant has failed to pursue his proper remedy. The appellant assigns as error insufficiency of the evidence to support the verdict, and that it is against law. Our Sections 1170, 1171, Code of Civil Procedure, were taken from California, and the construction placed upon similar sections by the supreme court of that state, under the well known rule, is to be followed by us. In *Knight* v. *Roche,* 56 Cal. 15, the court said: "Section 656 of the Code of Civil Procedure declares a new trial to be 'a re-examination of an issue of fact in the same court, after a trial and decision by a jury, court or referee'; and the next section provides that such new trial may be granted upon certain grounds; among others, 'insufficiency of the evidence to justify the verdict or other decision, or that it is against law.' Whatever else may be

meant by the expression 'decision against law,' we think there
is no doubt that it includes a case where the decision is based
upon findings which do not determine all the material issues of
fact raised by the pleadings." *Knight* v. *Roche* was an action
in ejectment, somewhat similar to the one at bar.   (And see
*Cummings* v. *Conlan,* 66 Cal. 403, 5 Pac. 796, 903; *Langan*
v. *Langan,* 89 Cal. 186, 26 Pac. 764; *Nuttall* v. *Lovejoy,* 90
Cal. 163, 27 Pac. 69; *Haight* v. *Tryon,* 112 Cal. 4, 44 Pac.
318.)

In *Brison* v. *Brison,* 90 Cal. 323, 27 Pac. 186, it is said that:
"When upon the trial of a cause the court renders its decision
without making findings upon all the material issues presented
by the pleadings, it is held that such decision can be reviewed
upon a motion for a new trial.   In such a case there has been
a mistrial, and the decision, having been rendered before the
case has been fully tried, is considered to have been a decision
'against law.' "

The "findings" of the court correspond to the "verdict" of a
jury.   As said in *Froman* v. *Patterson,* 10 Mont. 107, 24 Pac.
692:   "A new trial is to be 'a re-examination of an issue of
fact.'   The clause 'it is against law' refers to the 'verdict or
other decision' of the issue of facts tendered by the pleadings.
If the decision of the issue was made by a jury, it is usually
termed a 'verdict'; if made by a referee, or by the judge trying
an issue without a jury, the determination of the issue of fact
is usually termed the 'decision' or 'findings of fact.' "   In *Bri-
son* v. *Brison, supra,* it is said:   "A new trial is a re-examina-
tion of an issue of fact in the same court after a trial and de-
cision (Code of Civil Procedure, Sec. 656), and is authorized
for the purpose of vacating the former verdict or other decision
(Section 657).   The 'decision' which may be thus vacated is
that which was given upon the original trial of the question of
fact (Section 632), and upon which the judgment is to be en-
tered.   The provision that the judgment is to be entered 'upon'
the decision (Section 633) implies that it is subsequent to and
dependent on the decision.   The judgment itself can be reviewed
only by a direct appeal (Section 936) taken after its entry

(Section 939). The proceedings for a new trial are, however, entirely independent of the entry of the judgment, and may be instituted either before or after its entry, and even while an appeal from the judgment is pending, and the motion may be granted even after the judgment has been affirmed on appeal. If granted, the decision is vacated, and, necessarily, the judgment dependent thereon falls with it. *Spanagel v. Dellinger*, 34 Cal. 476."

As this case must be tried again, it is proper to refer to the court's instructions, although appellant is not in a position to complain of those discussed. Instruction No. 1, while correct as an abstract proposition of law, cannot be said to be applicable to an action of this nature. The reason for this will appear in discussing instruction No. 2, which reads as follows: "The jury are instructed that if you find from the evidence that the defendant in this action built his building, or any portion of it, upon plaintiff's land, and that such intrusion was through ignorance of the boundary line between plaintiff's and defendant's land, and was the cause of the mistake or inadvertence of the defendant, and that there was no purpose or intention on the part of the defendant to disseise or oust the said plaintiff, or interfere with his possession to the part occupied by defendant's building, then you are instructed as a matter of law that plaintiff cannot recover in this action, as there is no such disseisin or ouster by defendant as would give the plaintiff the right to an action in ejectment against the defendant, and your verdict must be for the defendant." This instruction is erroneous. If defendant has built a brick wall upon a part of plaintiff's premises without the latter's permission, such trespass constitutes an ouster, regardless of defendant's intentions. If defendant claims he built the wall with plaintiff's consent, the jury should be instructed upon the law applicable to such contention. This instruction also conflicts with instruction No. 7, which correctly states the law.

Some complaint is made by defendant because, as he asserts, plaintiff's witnesses Macdonald and Baker, who are surveyors, and testified concerning the boundary line in dispute, gave testi-

mony tending to contradict the description contained in plaintiff's deeds and the official plat of the townsite. It does not appear from the record that the testimony had such effect. The way to find the boundary line is to actually locate the lines upon the ground, and; if the original stakes can be found, they will be the very best evidence of the exact *locus* of the land in question.

It is not necessary to discuss any of the other errors assigned.

We are therefore of the opinion that the order should be reversed, and the case remanded for a new trial.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order appealed from is reversed, and the cause remanded for a new trial.

