THOMAS M. NICHOLSON

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Hancock.    Opinion June 23, 1905.

*Writ of Entry.    Special Verdict.    Same set aside for Indefiniteness.*

1.   A writ of entry to obtain possession of certain parcels of land included within the bounds of which was a strip of land six rods in width that was, in 1873, legally laid out by the Bucksport and Bangor Railroad Co., for a railroad location for all railroad purposes.   In 1883 the Maine Central Railroad Company, the defendant, by proper mesne conveyances, succeeded to all the rights and privileges of said B. & B. Railroad Company, and have ever since been in the possession and exercise thereof.

2.   The land described in the plaintiff's writ also covered a strip of land two rods in width to which the defendant claimed title by prescription.   A disclaimer was filed as to all the rest of the premises described in the plaintiff's writ.

3.   The defendant conceded the title in fee of the premises described in the plaintiff's writ to be in the plaintiff, but claimed that they are subject to an easement, in the defendant, both in the six rod strip and the two rod strip.

4.   The plaintiff did not deny the legal existence in the beginning, of an easement in the six rod strip for a railroad location in the defendant's predecessor, but asserted that that part of the location which fell within the premises described in his writ was abandoned before the date of this action.   As to the two rod strip, claimed by the defendant by prescription, the plaintiff made no concession.

5.   The real issue in the case was whether the easements claimed by the defendant were abandoned in whole or in part.   If not the defendant was entitled, by some form of verdict, to the enjoyment of them.

6.   Upon this phase of the case the following question was submitted to the jury, and a special verdict was rendered thereon, to wit: "Is the plaintiff's title to and right to the possession of the demanded premises, subject to an easement belonging to the defendant to use any portion of the demanded premises for its railroad purposes?"   Answer.   "Yes."

7.   The plaintiff moved to set aside this special verdict because it did not determine the rights of the parties.   The fact asserted in this reason is true.   The verdict does not determine the rights of the parties.   It does

not determine what part of the demanded premises is subject to the ease-
ment to which the verdict finds the defendant entitled.  It gives neither
the length, the breath nor the location of the part so subject.  But the
special verdict is the only one that could settle the rights of the parties.
The plaintiff was entitled to the general verdict, whether an easement
existed or not.  It was the extent of the easement, if one was found to
exist, that was desired.  If the question put to the jury had been answered
"no" that, with the general verdict, would have settled all of the issues
raised.  Being answered "yes," it left the only question in issue so
indefinite and uncertain that a judgment rendered upon the verdict could
not be pleaded in bar to protect any part of the easement claimed under
it, as no particular spot on the face of the earth could be pointed out as
the place which the verdict was intended to cover.

8.  This is not one of those cases in which through some irregularity a ver-
dict may be set aside.  This verdict was perfectly regular.  Its form was
submitted to and approved by counsel on both sides.  Its only defect is
its indefiniteness.  It does not cover all the issues involved in the case
and to this extent is defective.  There seems to be no good reason why
such a verdict should stand, unless to reverse it violates some rule of law.
There is no statute nor decision in this state that forbids setting it aside,
but on the other hand there are several decisions of other courts that war-
rant it.  The doctrine seems to be established and universally held, where-
ever the question has arisen, that a verdict which will not support a judg-
ment cannot stand.

9.  A special verdict must find every material fact involved in the litigation,
and should be of such a nature that nothing remains for the court but to
draw from such facts the proper conclusions of law.

10.  *Held:* That the special verdict in this case must be set aside for
indefiniteness.

MR. JUSTICE EMERY being disqualified by reason of interest did
not sit.

On motion by plaintiff.  Sustained.

Real action to obtain possession of certain parcels of land situate
in Bucksport in the County of Hancock, included within the bounds
of which was a strip of land that in 1873 was legally laid out for a
railroad location for all railroad purposes.  Also the land described
in the writ covered a strip of land two rods in width to which the
defendant claimed title by prescription.  A disclaimer was filed as to
all the rest of the premises described in the plaintiff's writ.  The
defendant conceded the title in the fee of the premises described in
the writ to be in the plaintiff, but claimed that the premises are sub-
ject to an easement in the defendant both in the six rod strip and the

two rod strip. At the trial of this action, the jury returned a general verdict "that the defendant did disseize in manner and form as the plaintiff has declared against it." Also the following question was submitted to the jury:—"Is the plaintiff's title to and right to the possession of the demanded premises subject to an easement belonging to the defendant to use any portion of the demanded premises for its railroad purposes?" This question was answered "yes." Thereupon the plaintiff filed a motion to have this special verdict set aside for the following reasons: "1st. Because the special verdict is against law. 2d. Because the special verdict is against evidence. 3d. Because the special verdict is against the weight of evidence. 4th. Because said special verdict does not determine the rights of the parties."

All the material facts sufficiently appear in the opinion.

*O. P. Cunningham and Oscar F. Fellows,* for plaintiff.

*Charles F. Woodard,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SPEAR, JJ.

SPEAR, J. A writ of entry to obtain possession of certain parcels of land included within the bounds of which, was a strip of land six rods in width, that was in 1873, legally laid out, by the Bucksport and Bangor Railroad Company, for a railroad location, for all railroad purposes. In 1883 the Maine Central Railroad Company, the defendant, by proper mesne conveyances, succeeded to all the rights and privileges of said B. & B. Railroad Company, and have ever since been in the possession and exercise thereof.

The land described in the plaintiff's writ also covered a strip of land two rods in width to which the defendant claimed title by prescription. A disclaimer was filed as to all the rest of the premises described in the plaintiff's writ. A more particular description of the locus in controversy is not now required in view of the question involved.

The defendant concedes the title in fee of the premises described in the plaintiff's writ to be in the plaintiff, but claims that they are subject to an easement, in the defendant, both in the six' rod strip and the two rod strip.

The plaintiff does not deny the legal existence, in the beginning, of an easement in the six rod strip for a railroad location in the defendant's predecessor, but asserts that that part of the location which fell within the premises described in his writ was abandoned before the date of this action. As to the two rod strip, claimed by the defendant by prescription, the plaintiff made no concession.

The real issue in the case was whether the easements claimed by the defendant were abandoned in whole or in part. If not the defendant was entitled, by some form of verdict, to the enjoyment of them. But whether the defendant was entitled to the enjoyment of the easements which are claimed, or not, the plaintiff's right to a verdict in his favor upon the main question of disseizin, was not in the least affected. "The fee in the land is to be regarded as distinct from an easement in the same. The fee may be in one and the easement in another. The demandant having the fee is entitled to recover, notwithstanding the tenant may have an easement in the passageway for the use of the mill. The owner in fee of land may maintain a writ of entry to establish his title against the owner of a perpetual right to use it for a passageway." "It is no objection to a recovery in a real action that the tenant has an easement in the demanded premises." *Bank* v. *Morrison*, 88 Maine, 163. Exactly in point is *Ayer* v. *Phillips*, 69 Maine, 50. Therefore the general verdict that the defendant did disseize, is, in any phase of the case, a correct one.

As before stated the real issue was whether the defendant had abandoned the easement, which it once had by virtue of the original railroad location, or had obtained by prescription, if any, or whether it was still entitled to the use and enjoyment of a part or the whole of the easement thus acquired. Upon this phase of the case the following question was submitted to the jury and a special verdict was rendered thereon, to wit: "Is the plaintiff's title to and right to the possession of the demanded premises, subject to an easement belonging to the defendant to use any portion of the demanded premises for its railroad purposes?" Answer. "Yes." The plaintiff moves to set aside this special verdict because it is against the evidence, the law and the weight of evidence, and also because it does not determine the rights of the parties. A careful examination of the evidence

does not convince us that the jury so erred in this special finding as to warrant us in setting it aside as against the evidence, whatever our own views might be were we vested with jury powers.

This brings us to a consideration of the plaintiff's last reason why the verdict should be set aside, namely, that it does not determine the rights of the parties. The fact asserted in this reason must be admitted. The verdict does not determine the rights of the parties. It does not determine what part of the demanded premises is subject to the easement to which the verdict finds the defendant entitled. It gives neither the length, the breadth, nor the location of the part so subject. But the special verdict is the only one that could settle the rights of the parties. The plaintiff was entitled to the general verdict, whether an easement existed or not. It was the extent of the easement, if one was found to exist, that was desired. If the question put to the jury had been answered, "no," that, with the general verdict, would have settled all the issues raised. Being answered "yes," it left the only question in issue so indefinite and uncertain that a judgment, rendered upon the verdict, could not be pleaded in bar to protect any part of the easement claimed under it, as no particular spot on the face of the earth could be pointed out as the place which the verdict was intended to cover.

Should the verdict, which thus leaves the rights of the parties undetermined be allowed to stand? We find this to be a somewhat novel question. This is not one of the cases in which, through some irregularity the verdict may be set aside. This verdict was perfectly regular.

Its form was submitted to, and approved by, counsel on both sides. Its only defect is its indefiniteness. It does not cover all the issues involved in the case and to this extent is defective. There seems to be no good reason why such a verdict should stand unless, to reverse it, violates some rule of law. We find no statute nor decision in this state that forbids setting it aside, but on the other hand we find several decisions of other courts that warrant it. The doctrine seems to be established and universally held, wherever the question has arisen, that a verdict which will not support a judgment cannot stand.

"But nothing is better settled than that the verdict must find the very point in issue between the parties; or if it does not it will not support a judgment." 22 Ency. Pl. & Prac. 863, note 3. *Hall* v. *York*, 16 Texas, 18. "A special verdict must find every material fact involved in the litigation. The findings of the special verdict should be of such a nature that nothing remains for the court but to draw from such facts the proper conclusions of law. 22 Ency. Pl. & Prac. 981. "Where a special verdict is rendered in a civil action it must contain a finding of every material controverted fact necessary to support a judgment for the one party or the other." 22 Ency. Pl. & Prac. 984. "Where the special verdict is silent as to an essential fact necessary to judgment in favor of the party having the burden of proof, the adverse party may move for a new trial, or if the facts found warrant a judgment in his favor, for judgment on the verdict." 22 Ency. Pl. & Prac. 985, note. "Whether, then, we regard the verdict as a special one, not containing findings to support the judgment or as a general one rendered in pursuant of improper instructions, we reach the conclusion that the judgment of the court below must be reversed and cause remanded, with instructions to award a venire de novo." *Ward* v. *Cochran*, 150 U. S. 597.

"The general rule undoubtedly is, that the verdict must comprehend the whole issue or issues submitted to the jury in the particular cause; otherwise the judgment founded on it should be reversed." *Wood* v. *McGuire's Children*, 17 Ga. 361; 63 Am. Dec. 246. "Judgment is erroneous when predicated upon the finding of a jury sworn to try the issues joined between the parties, but instead of finding upon all the issues, they return a verdict, special in form and referring to but one issue. This is the head note in *Meighen* v. *Strong*, 6 Minn. 177; 80 Am. Dec. 441, and fairly states the point of the case. *Walker* v. *Dewing*, 8 Pick. 519, was one involving the scope of a special verdict which had been submitted to the jury by the court with the undoubted intention that it should cover all the questions in issue and form the basis of a judgment, but the court say, "no judgment can be rendered on this special verdict of the jury it being deficient in substance." The difficulty with this verdict was, that it did not show the identity of a will presented with the one to which the verdict

referred. At the end of the opinion the court add, "if the verdict is defective there can be no judgment." *Gerrish* v. *Train*, 3 Pick. 124, is a well considered case bearing upon the point here raised and holds "if the court are at a loss how to give judgment a repleader will be awarded on motion of either party." This same question was raised in *Brunswick* v. *McKean*, 4 Maine, 508, but the court held that the verdict in this case was consistent and in giving expression to their opinion use this language, "and a verdict if by fair intendment it may have a consistent construction is not to be set aside for uncertainties." A clear implication from this language is that on the contrary if a verdict is so uncertain that by a fair intendment of the language a judgment cannot be based upon it, it is to be set aside for uncertainty.

Courts are instituted for the purpose of finally settling legal controversies and determining forever litigated rights. The object of a trial in court upon an issue framed, is to so settle that issue that the judgment of the court based upon the finding thereof, can ever after be pleaded to show that the facts directly involved and material to the issue, have been fully and finally determined. This is the object of a trial, yet it is not always possible to attain such a result. But when it is perfectly apparent that the verdict, upon the issue presented, does not determine the rights of the parties, it seems clear that the case, if possible, should be put in such a position, that the parties, by means of the action already pending which has been brought for that express purpose, may be able to have all their rights decided, instead of being left in uncertainty, their litigation and expense of no avail, with the necessity still resting upon them of bringing another suit to accomplish the very end the one in being was instituted to secure.

"Of course it is difficult, if not impossible, to lay down any general rule as to certainty or definiteness which will serve as a ready test in any case which may arise. It has been held, however, that a verdict must be sufficiently certain to stand as a final decision of the special matters with which it deals. So a verdict which is so uncertain that it cannot be clearly ascertained therefrom whether the jury meant to find the issue is bad. And a verdict which is so uncertain

that no judgment can be rendered on it must, of course, be void."
22 Ency. Pl. & Prac. 880.

Note 2 under the above text, after announcing the rule stated,
continues; "It is of the greatest importance that when a final judg-
ment is rendered the record shall ' be definite and certain and show
unequivocally what matters have been adjusted and that the decision
shall be a finality in regard to the matters in issue."

" Where, therefore, a verdict was uncertain to such an extent that
it would require the finding of another jury to ascertain the intention
of the jury who found the first verdict, it was held that such a ver-
dict must be set aside."

It may be said that the special verdict, not being pleadable in bar
is no verdict at all; that it amounts to nothing in settling the rights
of the parties; that the general verdict covered all the plaintiff sought
to recover in his writ.     But we do not so understand it.     If the
defendant had submitted to a default the plaintiff could have taken
judgment upon the facts averred in his writ.     But the defendant did
not default.     It filed pleadings which in effect confessed the plain-
tiff's right to seizin in fee of the premises described, but sought to
avoid the effect of the seizin upon one definite portion of the prem-
ises, by setting up an easement therein by virtue of a legal railroad
location, and upon another portion by a prescriptive use.     These
pleadings were joined by the plaintiff and the issue thereby framed
upon which the case was tried.     Was there an easement in either or
both of the ways claimed, was the question.

It seems evident that the special verdict was of paramount impor-
tance in settling this question.     There could have been no reason,
whatever, for developing the testimony in the case upon this issue,
unless a special verdict was to be required, inasmuch as the plain-
tiff, if he had admitted the easements, would be entitled to the gen-
eral verdict just the same, as we have before seen.     In fact the issue
actually tried out in the case could be settled only by a special find-
ing of the jury upon the facts material to that issue.     If the jury
had found that the defendant was entitled to the whole easement
claimed, or to any definite part, such a finding would be carried into
effect in the judgment of the court.     *Bank* v. *Morrison,* supra.

It was also expressly held in *Ayer* v. *Phillips*, supra, in a case precisely like the one at bar, that "the right of the demandant to recover is unquestionable so far as relates to the land demanded; but she is not entitled to have judgment and execution that would exclude the Somerset Railroad Co., from complete possession and control of the premises for all purposes pertaining to the full exercise of its corporate franchises." The general verdict therefore does not and should not conclude the rights of the defendant in this case. The jury have found that it is entitled to some easement, to which the general verdict under the last cases cited, is subject, and by which the judgment upon such verdict should be modified to the extent of giving "possession and control" to the defendant of so much of the premises as relate to the use of the easement. A special verdict is conclusive of the facts found by it, and is so decided in *State* v. *Inhab. of Madison*, 59 Maine, 540. "The question was submitted to the jury and by a special verdict they have found that this easterly channel, at the time the charter was granted was and ever has been a part of Kennebec River. No motion to set aside this verdict has been filed. Therefore the verdict so far as it goes is conclusive." To say therefore, that the special verdict may be regarded as surplusage for indefiniteness when, if definite, it would have been valid, and would have fully settled the issue joined by the parties, and have materially modified the effect of the plaintiff's general verdict, is avoiding the only question submitted to the court for consideration and decision.

*For the above reasons both verdicts are set aside and a new trial granted.*