FRANK, APPELLANT, v. SYMONS, RESPONDENT.

(No. 2,342.)

(Submitted January 10, 1907.   Decided January 28, 1907.)

(88 Pac. 561.)

*Claim and Delivery—Evidence—Cross-examination—Burden of
Proof—Instructions—Gifts—Appeal—Orders—Verdict—Sur-
plusage.*

Claim and Delivery—Evidence—Cross-examination—Witnesses—Interest in
Litigation.
    1.   A witness, in an action in claim and delivery brought to recover
    possession of a mare and colt, testified that he had purchased the mare
    from a former husband of defendant and thereafter resold her to
    plaintiff, and that his only interest in the case was that of a witness.
    On cross-examination he was asked whether, if it should turn out
    that his vendor was not the owner of the mare at the time of the sale,
    he would not have to "make good" to the actual owner.   *Held,* to have
    been proper cross-examination; the interest of a witness in the result
    of the litigation being always a proper subject of inquiry.
Same—Burden of Proof—Instructions.
    2.   In claim and delivery the burden of proving that at the time
    of the commencement of the action he was the owner or entitled to
    the possession of the property in dispute, and that defendant wrong-
    fully took the same from him, rests upon plaintiff, notwithstanding
    affirmative allegations of ownership in defendant's answer; and an in-
    struction to that effect was correct.
Same—Live Stock—Increase—Ownership—Instructions.
    3.   The court correctly instructed the jury under Civil Code, section
    1170, in an action in claim and delivery to recover possession of a
    mare and colt, that if the mare had been given to defendant, verdict
    should be for her for the possession of the animal "and for any in-
    crease or offspring thereof,"—even though plaintiff was in the actual
    possession of the dam at the time the colt was foaled and when de-
    fendant took both animals.
Same—Estrays—Gift—Title.
    4.   Where a mare had been given to defendant (to recover which
    plaintiff brought an action in claim and delivery), by one who had
    taken up the animal as an estray, the donee's title was good as
    against everyone except the true owner; and plaintiff was in no posi-
    tion to complain that the donor, having failed to comply with the stat-
    ute regulating the disposition of estrays, could not make a valid
    gift of the animal.
Appealable Orders—Correcting Verdict.
    5.   An order of the district court correcting the verdict in a civil action
    is not one of those orders enumerated in section 1722 of the Code

of Civil Procedure, as amended (Session Laws, 1899, p. 146), from which an appeal may be taken.

Order Correcting Verdict—How Reviewable.

6. Under Code of Civil Procedure, section 1742, an order correcting a verdict may be reviewed on appeal from the judgment.

Claim and Delivery—Value of Property—Admissions in Pleadings—Verdict —Surplusage.

7. To the extent of the admissions in the pleadings, both court and jury are bound by them. Therefore, where in an action in claim and delivery the pleadings admitted the value of the property in controversy to be $250, that portion of the verdict fixing the value at $100 was surplusage and inoperative, and in correcting the verdict by striking out the value fixed by the jury and fixing it at the value admitted, the court did not commit error.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by John G. Frank against Mrs. Peter Symons, alias Mrs. Basilio Symons. From a judgment for defendant, an order denying him a new trial, and an order correcting the verdict, plaintiff appeals. Affirmed.

*Messrs. Carroll, Barta & Barta,* for Appellant.

Can a person make a valid gift of an estray, without first having obtained title in accordance with the law? We submit not. It is an essential part of a gift that the donor has the right and ownership of the thing given, or an equitable interest therein. A finder of an estray must follow the Code before acquiring title to the property. (Pol. Code, secs. 2900-2903.) There must be an actual or symbolical delivery of the thing given. (Civ. Code, sec. 1551.) Gifts between persons standing in confidential relations are *prima facie* void. (14 Am. & Eng. Ency. of Law, 2d ed., 1011, and cit.) Verdict unauthorized by evidence will be set aside. (*Baldwin* v. *Webb,* 121 Ga. 416, 49 S. E. 265; *James Clark Dis. Co.* v. *Bauer,* 56 W. Va. 249, 49 S. E. 160; *St. Paul Broom Co.* v. *Kemp,* 125 Wis. 138, 103 N. W. 259.) A verdict should not be for a smaller sum than an amount conceded. (*Farry* v. *Shea* (N. J. L.), 59 Atl. 21.) A compromise verdict cannot be sustained. (*Meyers* v. *Zucker,* 91 N. Y.

Supp. 358.) And this under a statute authorizing a new trial for insufficiency of evidence. (*Clark* v. *Great Northern Ry. Co.,* 37 Wash. 537, 79 Pac. 1108.)

The court may correct mere formal mistakes in the verdict so as to make it legally express what the jury intended; but the court cannot in any way change or modify the intention of the jury. If it is erroneous the court may set it aside, but cannot modify it. (Cobbey on Replevin, 2d ed., sec. 1055, citing *Donaldson* v. *Johnson,* 2 Chand. (Wis.) 160; *Coit* v. *Waples,* 1 Minn. 134; *Frazier* v. *Laughlin,* 1 Gilm. 347; *O'Brien* v. *Palmer,* 49 Ill. 73; *O'Keefe* v. *Kellogg,* 15 Ill. 351; *Osgood* v. *McConnell,* 32 Ill. 75; *Thompson* v. *Button,* 14 Johns. 86; *Hinckley* v. *West,* 4 Gilm. 136; *Moore* v. *Devol,* 14 Iowa, 112; *Wallace* v. *Hilliard,* 7 Wis. 627; *Dunbar* v. *Bittle,* 7 Wis. 144; *Ford* v. *Ford,* 3 Wis. 399; *Phipps* v. *Taylor,* 15 Or. 489, 16 Pac. 171.)

The value of the property is a substantial part of the verdict. Error in substance cannot be corrected by motion. If the court, instead of having the verdict corrected by the jury, attempt to correct it by the judgment, and go beyond the verdict, it is error. (Estee on Pleading, 4th ed., sec. 4691; citing *Brush* v. *Kohn,* 9 Bosw. 589; *Ross* v. *Austill,* 2 Cal. 183. See, also, *Morris* v. *Burke,* 15 Mont. 214, 38 Pac. 1065.)

*Mr. C. N. Davidson,* for Respondent.

So far as the verdict goes beyond the issues presented by the pleadings it is inoperative and void. (22 Ency. of Pl. & Pr. 978; *Ellis* v. *State,* 141 Ind. 357; 29 Am. & Eng. Ency. of Law, 1026, cases cited.) "If the jury include a provision as to costs, as that the successful party pay them, or that the costs be equally divided, or that each party pay his own costs, the provision as to costs is surplusage and the verdict, if satisfactory in the other respects, will be supported." (22 Ency. of Pl. & Pr. 979; *Hodge* v. *People,* 78 Ill. App. 378; *Nation* v. *Littler,* 59 Kan. 773, 52 Pac. 96; *Lincoln* v. *Hapgood,* 11 Mass. 358; *Parkison* v. *McQuaid,* 54 Wis. 473, 11 N. W. 682.)

The verdict in this case was clearly in favor of the defendant for a return of the property and damages for its detention. It need not find the value of the property. (*Wheeler* v. *Jones,* 16 Mont. 87, 40 Pac. 77; *Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523; Code Civ. Proc., sec. 1103.) In replevin, as in other cases, verdicts will be considered and construed together with the pleadings, and it will suffice to sustain a judgment if the facts found by the verdict and those admitted in the pleadings, when construed together, show what a judgment should be. (*Fletcher* v. *Nelson,* 6 N. Dak. 94, 69 N. W. 53; *Ela* v. *Bankes,* 37 Wis. 89; *Brookover* v. *Esterly,* 12 Kan. 149; *Blankensteel* v. *Roosman,* 44 Wis. 550.) The power of the trial court to amend the verdict in the respect complained of is ample and supported by abundant authority. (*Fletcher* v. *Nelson, supra; Hodgkins* v. *Mead,* 119 N. Y. 166, 23 N. E. 559; *Schweitzer* v. *Connor,* 57 Wis. 177, 14 N. W. 922; *Clark* v. *Lude,* 63 Hun, 363, 18 N. Y. Supp. 271; 2 Thompson on Trials, sec. 2642; *Clark* v. *Lamb,* 8 Pick. 415, 19 Am. Dec. 332.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff brought this action in claim and delivery to recover the possession of a mare and yearling colt of the alleged value of $250, and for damages for the wrongful taking and detention of the same by the defendant. The answer denies the allegations of the complaint, except as to the value of the property, which value is admitted to be $250. The answer also alleges that the defendant was at the time of the commencement of the action the owner and entitled to the possession of the property, and prays for a return of the same, and for damages for its detention by the plaintiff from the time it was taken under the proceedings in this action.

The cause was first tried in a justice of the peace court where judgment in favor of plaintiff was rendered. The defendant appealed to the district court of Silver Bow county, where the

cause was tried to the court sitting with a jury. The following verdict was returned: "We, the jury in the above-entitled case, find for the defendant, and we find the value of the property in controversy to be $100, and that the defendant is entitled to a return thereof from the plaintiff. We also find for the defendant in the sum of $40 damages for the taking and detention of said property by plaintiff." Counsel for defendant moved the court to strike from the verdict the finding that the value of the property was $100, and to render judgment in favor of the defendant for the return of the property or for the admitted value—$250—in case return could not be made, and for the damages found by the jury for the wrongful detention of the property by the plaintiff. This motion was sustained and judgment entered. From the judgment and an order overruling his motion for a new trial, the plaintiff appeals. There is also an attempted appeal from the order of the court correcting the verdict.

The specifications of error urged in this court are: (1) The order of the court overruling plaintiff's objection to a question asked the witness Campana on his cross-examination; (2) the giving of instruction No. 1; (3) the giving of instruction No. 3, and the refusal of the court to give plaintiff's requested instruction No. 11; (4) insufficiency of the evidence to sustain the verdict; and (5) the order of the court correcting the verdict.

1. Constant Campana was a witness called by, and who testified on behalf of, the plaintiff. He testified that he purchased the mare in controversy from Basil Symons, who at the time of the purchase was the husband of this defendant, and that soon thereafter he sold her to the plaintiff, Frank. In answer to a question propounded by counsel for plaintiff, he testified that he had no interest in the case other than that of a witness. On his cross-examination he was asked this question: "Q. Now, if Mr. Symons does not turn out to be the owner of this mare, you will have to make good to Mr. Frank, will you not?" This question was objected to as calling for a conclusion of the wit-

ness.    The objection was overruled, and error is predicated upon the ruling of the court.

The interest of a witness in the result of the litigation is always a proper subject of inquiry.    (30 Ency. of Law, 2d ed., 1094, and cases cited.)    The apparent object of the question propounded to the witness Campana was to show that he appreciated the fact that he might become liable to plaintiff, Frank, if it should be determined that Basil Symons did not have any title to the mare in dispute at the time he sold her to Campana.    The ruling of the court was correct.

2. The court gave instruction No. 1, as follows: ''The jury is instructed that this is an action in claim and delivery for the possession of the property described in the complaint, and that, before the plaintiff can prevail in this action, it is incumbent upon him to prove, by a preponderance of the evidence, that, at the time of the commencement of the action, he was the owner of said property described in the complaint, or was entitled to the immediate possession thereof, and he must further prove by a preponderance of the evidence that the defendant wrongfully took the property in question.''    Contention is made that this instruction does not correctly state the law as to the burden of proof.

According to the allegations of the complaint, the cause of action arose from the wrongful taking of the property by the defendant.    The allegations of the complaint are denied in the answer.    The affirmative allegations of ownership of defendant did not add anything to the answer, for, under the denials, she could have shown ownership in herself.    The burden of proof was, therefore, upon the plaintiff to show, that, at the time of the commencement of the action, he was the owner or entitled to the possession of the property, and that defendant wrongfully took the same from him.    (*Gallick* v. *Bordeaux*, 31 Mont. 328, 78 Pac. 583.)    Instruction No. 1 correctly states the law as to the burden of proof.

3. Instruction No. 3, given by the court, in effect told the jury that, if they believed from the evidence that the mare in

question had been given to the defendant, then no subsequent act of the donor could revoke the gift or affect her title, and the verdict should be for the defendant for the possession of the mare "and for any increase or offspring thereof." Objection is made to that portion of the instruction quoted. The argument advanced in support of the objection is that, as the mare was in foal when plaintiff, Frank, purchased her from Campana and the colt was foaled on Frank's premises and had been raised by him up to the time the defendant took both mare and colt, the general rule has no application in this instance, and *Maize* v. *Bowman*, 93 Ky. 205, 19 S. W. 589, 17 L. R. A. 81, is cited in support of the proposition that the increase of live stock belongs to the owner of the dam at the time. This is the general rule embodied in our Civil Code, section 1170, and in the instruction of the court given above.

Presumably, appellant's contention is founded upon the theory that, as appellant, Frank, was in actual possession of the dam at the time the colt was foaled, such possession carried with it the presumption of ownership to the mare and therefore to the colt. But this presumption is a disputable one, and the title to the dam was, in fact, the point directly in issue. The court properly instructed the jury that, if in fact the dam belonged to the defendant, then, under the facts disclosed by this record, ownership of the colt, the issue of the mare, was in the defendant as a matter of course. For the same reason the court properly refused the plaintiff's requested instruction No. 11.

There is nothing in the record to support the theory that the plaintiff Frank was a hirer of the dam, and therefore section 2601 of the Civil Code has no application.

4. It is contended that the evidence is insufficient to sustain the verdict. The evidence tends to show that the mare was taken up as a colt in January, 1901; that at the time she was "a little starved to death colt"; that Basil Symons, who took up the colt, gave her to this defendant; that the colt was kept at their place until the following spring and then moved to the premises of Mrs. Symons' mother. In June, 1901, Symons moved all

of his property, except this colt and some calves, to another place, and in the fall of 1901 removed the calves, but left this mare in the possession of this defendant at her mother's ranch until some time in the fall of 1902, when he took the mare, and later sold her to the witness Campana.

Counsel for appellant contends that Basil Symons could not make a valid gift of this mare to his wife, for the reason that the property was an estray, and the statute relating to estrays was not complied with in order to vest title in Symons. But the validity of a gift does not depend upon the magnitude of the donor's title. An estray is essentially lost property, and the finder has a good title thereto as against everyone but the true owner, and in this instance Basil Symons could convey by gift whatever title he had, and his donee would likewise have title superior to that of everyone except the true owner. (*Durfee* v. *Jones*, 11 R. I. 588, 23 Am. Rep. 528; *Hamaker* v. *Blanchard*, 90 Pa. 377, 35 Am. Rep. 664; *Bowen* v. *Sullivan*, 62 Ind. 281, 30 Am. Rep. 172. See, also, note to *Brandon* v. *Huntsville Bank*, 1 Stew. (Ala.) 320, 18 Am. Dec. 48.)

While the evidence is not very clear or convincing upon the question of the gift of this mare by Basil Symons to the defendant, we think it is sufficient to go to the jury, and, the jury having returned a verdict in defendant's favor, and the district court having considered this question on the motion for a new trial, and having denied that motion, we cannot say that a different result should have been reached, or that the evidence is not sufficient to sustain the verdict returned.

5. The order of the district court correcting the verdict is not an appealable order (Code Civ. Proc., sec. 1722, as amended by an Act of the Sixth Legislative Assembly, Session Laws, 1899, p. 146), but the question may be reviewed on appeal from the judgment (Code Civ. Proc., sec. 1742).

It is said that the district court erred in correcting the verdict. The pleadings admit that the property is of the value of $250. There was, therefore, no issue as to that question, and no occasion for a finding by the jury as to the value of the prop-

erty. So the portion of the verdict fixing the value at a sum less than the value admitted by the pleadings is surplusage, for, to the extent of the admissions in the pleadings, both the court and the jury are bound by them. (*Johnson* v. *Visher,* 96 Cal. 310, 31 Pac. 106.) So far as the verdict goes beyond the issues properly submitted, it is inoperative. (22 Ency. of Pl. & Pr., 977, and cases cited.) There seems to be no question of the power of the trial court to strike from the verdict, or disregard, that portion of it which clearly falls within the designation "surplusage." (22 Ency. of Law, 2d ed., 1026; *Fletcher Bros.* v. *Nelson,* 6 N. Dak. 94, 69 N. W. 53; *Schweitzer* v. *Connor,* 57 Wis. 177, 14 N. W. 922.) There is nothing decided in *Morris* v. *Burke,* 15 Mont. 214, 38 Pac. 1065, in conflict with the views here expressed.

Finding no error in the record, the judgment and order of the district court overruling plaintiff's motion for a new trial are affirmed. The pretended appeal from the order correcting the verdict is dismissed.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

