HICKEY ET AL., RESPONDENTS, *v.* BREEN, APPELLANT.

(No. 2,751.)

(Submitted January 20, 1910. Decided January 29, 1910.)

[106 Pac. 881.]

*Claim and Delivery—Pleadings—General Denial—Verdict—Insufficiency—Appeal.*

Claim and Delivery—Pleadings—General Denial.

1. Where plaintiff in a claim and delivery action relies on general allegations of ownership and right to possession of the property in question, a general denial puts in issue both the right of property and the right of possession, as well as all other allegations of the complaint.

Same—Complaint—Essentials.

    2.  In order that the complaint in claim and delivery state a cause of action, it must not only allege ownership or right of possession in plaintiff, but also that defendant wrongfully seized and detained the property in controversy.

Same—Verdict—Insufficiency.

    3.  The verdict in an action in claim and delivery must pass upon and be responsive to all the issues presented by the pleadings; hence where the jury merely found that, at the time the action was commenced and when the trial was had, plaintiffs were the owners and entitled to the possession of the property in dispute, fixing its value, but failed to find upon the issue whether defendant wrongfully took and detained it from plaintiffs, the verdict was insufficient.

Same—Insufficient Verdict—Review.

    4.  Failure of the verdict to find upon all the issues raised by the pleadings in a claim and delivery action is not a formal defect in it, but one of substance; the result is a mistrial, and the question of the insufficiency of the verdict may be raised for the first time on appeal.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

ACTION in claim and delivery by John and James Hickey against Peter Breen.  Plaintiffs had judgment, from which, and an order denying a new trial, defendant appeals.  Reversed.

*Messrs. S. T. Hogevoll, Mr. J. H. Duffy, Mr. Edwin S. Booth, and Mr. W. L. Brown,* filed a brief in behalf of Appellant.  Oral argument by *Mr. Hogevoll,* and *Mr. Peter Breen,* appearing *pro se.*

The complaint was insufficient.  It does not appear therefrom that the plaintiffs had any cause of action at the time of its commencement, because it did not set out that they had the immediate right of possession at the time of the commencement of the suit.  (*Fredericks* v. *Tracy,* 98 Cal. 658, 33 Pac. 750; *Glass* v. *Basin & Bay State Min. Co.,* 31 Mont. 21, 77 Pac. 303; *Chan* v. *Slater,* 33 Mont. 158, 82 Pac. 657; *Chambers* v. *Emery* (Utah), 103 Pac. 1081.)  The evidence of the value of the property was insufficient to sustain the verdict and judgment.  Is it sufficient to say that the horse is worth "in the neighborhood of $200," or was "about somewhere around $200"?  The weight of authority is distinctly to the contrary.  (See *Alexander* v. *McNear,* 28

Fed. 403; *Carman* v. *Montana Cent. Ry. Co.,* 32 Mont. 137, 79
Pac. 690; *Baird* v. *Johnson,* 14 N. J. L. 120.)

The verdict is not a general verdict for the plaintiffs, but it
is a special verdict. It is silent as to whether or not the defend-
ant took or detained the horse in controversy. (*Ridenour* v.
*Beekman,* 68 Ind. 237; *Degering* v. *Flick,* 14 Neb. 450, 16 N. W.
825; *Smith* v. *Smith,* 17 Or. 444, 21 Pac. 439; *Swain* v. *Roys,* 4
Wis. 150; *Gallick* v. *Bordeaux,* 31 Mont. 328, 78 Pac. 583;
*Woods* v. *Latta,* 35 Mont. 9, 88 Pac. 402; *Frank* v. *Symons,* 35
Mont. 61, 88 Pac. 561; *McCormick* v. *McCormick,* 40 Miss. 760;
*Krosmopolski* v. *Paxton,* 58 Miss. 581.) The silence of the
verdict to find that defendant took or detained the horse is
equivalent to that the jury found in his favor on this point.
(See *Daube* v. *Philadelphia Iron Co.,* 77 Fed. 715, 23 C. C. A.
420.) What does not appear does not exist. (29 Am. & Eng.
Ency. of Law, 2d ed., 1032.)

In behalf of Respondents there was a brief and oral argument
by *Mr. George A. Maywood.*

The complaint states that on the day of the commencement
of this action the plaintiffs were still the owners of, and entitled
to, the immediate possession of the mare in controversy. That
was a statement and allegation that they were the owners and
entitled to the possession at the time of the commencement of
this action, for the reason that there are no fractions of a day
in law. (13 Cyc. 262; *State ex rel. State Pharmaceutical Assn.*
v. *Michel,* 52 La. Ann. 936, 78 Am. St. Rep. 364, 27 South. 565,
49 L. R. A. 218.) It was sufficient. (See *Williams* v. *Ashe,*
111 Cal. 180, 43 Pac. 598; *McGregor* v. *Lang,* 32 Mont. 568,
81 Pac. 343.)

It will be presumed that the evidence proved the allegations
of the complaint as laid. (See *McGregor* v. *Lang, supra.*)
The jury inspected the mare in controversy. They were gath-
ered from amongst the taxpayers of the county and were well
competent to judge of the market value of the mare. (See

*Holland* v. *Huston,* 20 Mont. 84, 49 Pac. 392.) They were not bound by the testimony of any witness or by any part of the testimony in the case, but might weigh whatever evidence was used in the light and by the help of their own knowledge and experience in arriving at a verdict. (*Head* v. *Hargraves,* 105 U. S. 45, 26 L. Ed. 1028; *Patterson* v. *Boston,* 20 Pick. (Mass.) 166; *Murdock* v. *Sumner,* 22 Pick. (Mass.) 158; *Leitensdorfer* v. *King,* 7 Colo. 439, 4 Pac. 39; *Kilpatrick* v. *Haley,* 6 Colo. App. 408, 41 Pac. 508; *Willard* v. *Williams,* 10 Colo. App. 145, 50 Pac. 208.)

The verdict is not open to the objection made to it. The finding of the ownership and right of possession in the plaintiffs, and that the plaintiffs were entitled to a return of the property in question, was by fair implication and intendment a finding that the property was in the possession of the defendant, and that as a matter of law his possession was wrongful. A verdict is entitled to a reasonable intendment and to a reasonable construction, and every presumption will be indulged in its favor. All the facts which are necessary to support the verdict and which come within the issues raised by the pleadings, although not expressly found, will be presumed to be in accordance with the verdict. (*Johnson* v. *Frazer,* 2 Idaho, (371), 404, 18 Pac. 48; *Josephi* v. *Mady Clothing Co.,* 13 Mont. 195, 33 Pac. 1; *Johnson* v. *Vischer,* 96 Cal. 311, 31 Pac. 106.) The verdict is not made special merely by indicating upon what it is based. (Clementson on Special Verdicts, pp. 169, 170, 171; *Porter* v. *Western etc. R. R.,* 97 N. C. 66, 72, 2 Am. St. Rep. 272, 2 S. E. 581; *Eisley et al.* v. *Malchow,* 9 Neb. 174, 2 N. W. 372; *Corbell* v. *Childers,* 17 Or. 528, 21 Pac. 670.) It follows very closely the language of the verdict in the case of *Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523, approved by this court.

The objection to this verdict was not raised in the lower court either at the time it was rendered or at any other time, and should not be raised in this court. (*McClellan* v. *Gaston,* 18 Wash. 472, 51 Pac. 1062; *Eslava* v. *Dillihunt,* 46 Ala. 698.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an appeal by the defendant from a judgment in favor of the plaintiffs, and from an order denying his motion for a new trial. The action is in claim and delivery, and the complaint is in the usual form. Paragraph 2 reads as follows: "(2) That on said twelfth day of July, 1908, at the county of Granite, in the state of Montana, the defendant wrongfully, and without consent of the plaintiffs, took said bay mare from the possession of the plaintiffs, and ever since has so wrongfully held possession of the same." The answer denies generally all the allegations of the complaint.

In *Kaufman* v. *Cooper*, 38 Mont. 6, 98 Pac. 504, this court announced the rule, which is recognized generally, that: "In statutory actions, often called replevin, to recover the possession of personal property, wherein the plaintiff relies on general allegations of ownership and right to possession, a general denial puts in issue both the right of property and the right of possession, as well as all other material allegations in the complaint, and under it the defendant may give in evidence any special matters which will defeat the plaintiff's claim."

The verdict returned in this case follows: "We, the jury in the above-entitled action, find our verdict in this action that the plaintiffs in this action were, at the time of the commencement of this action, and are now, the owners of, and entitled to, the immediate possession of the bay mare described in plaintiffs' complaint, and are entitled to the possession and return of said bay mare or the sum of $200, the value of said mare, in case a return thereof cannot be had." In *Woods* v. *Latta*, 35 Mont. 9, 88 Pac. 402, this court stated the rule, which is elementary, that in claim and delivery "the verdict should in terms dispose of all the issues submitted to the jury." In *Gallick* v. *Bordeaux*, 31 Mont. 328, 78 Pac. 583, in speaking of the action in claim and delivery, we said: "The gist of the action is the ownership or right of possession in the plaintiff, and the wrongful seizure and detention by defend-

ants, and the primary relief sought is the return of the property
in specie. In order that the complaint state a cause of action,
it must not only allege ownership or right of possession in the
plaintiff, but it must allege the wrongful seizure and detention
of it by the defendants. The action lies only against the party
in possession." And this was in effect reiterated in *Frank* v.
*Symons,* 35 Mont. 56, 88 Pac. 561, where it is said: "The burden
of proof was therefore upon the plaintiff to show that at the
time of the commencement of the action he was the owner or
entitled to the possession of the property, and that defendant
wrongfully took the same from him." The allegations of para-
graph 2 of the complaint above were necessary in order to state
a cause of action (*Gallick* v. *Bordeaux,* above) ; and, having been
put in issue by the answer, we are confronted with the inquiry:
Is the verdict sufficient to sustain a judgment in favor of plain-
tiffs?

In 18 Encyclopedia of Pleading and Practice, 568, the general
rule is stated as follows: "In an action of replevin the verdict
must pass upon and be responsive to all the issues presented by
the pleadings, as otherwise no valid judgment can be rendered
thereon." In *Hamilton* v. *Murray,* 29 Mont. 80, 74 Pac. 75,
this court said: "A verdict is bad if it varies from the issues
in a substantial matter, or if it find only a part of that which
is in issue. The reason of the rule is obvious; it results from
the nature and the end of the pleading. Whether the jury find
a general or a special verdict, it is their duty to decide the
very point in issue; and, although the court in which the cause
is tried may give form to a general finding, so as to make it
harmonize with the issue, yet if it appears to that court, or
to the appellate court, that the finding is different from the
issue, or is confined to a part only of the matter in issue, no
judgment can be rendered upon the verdict. (*Patterson* v.
*United States,* 2 Wheat. 221, 4 L. Ed. 224.) A verdict which
finds but part of the issues, and says nothing as to the rest, is
insufficient, because the jury have not tried the whole issue.
(*Holt* v. *Van Eps,* 1 Dak. 206, 46 N. W. 689.)" In Cobbey on
Replevin, section 1057, it is said: "A verdict failing to respond

to the issue raised by the pleadings is a nullity, and no judg-
ment can be rendered thereon." The same author, in section
1049, states: "It is important that the verdict be clear and
explicit, and that it settle all the issues involved, as the judg-
ment must conform to the verdict. The gist of the action is
the unlawful detention, and the verdict must speak unequivo-
cally on this point."

It is scarcely necessary to cite authorities to support the con-
tention that the verdict returned herein is a special verdict, as
distinguished from a general verdict.  (Revised Codes, sec. 6757;
29 Am. & Eng. Ency. of Law, 2d ed., 1002; 22 Ency. of Pl. &
Pr. 839, 979.)  It does not pretend to find all the issues in favor
of the plaintiffs and against the defendant; in fact, it does not
in terms find against the defendant at all, but merely finds cer-
tain facts in favor of the plaintiffs, viz., that at the time the
action was commenced, and at the time of the trial, they were
the owners, and entitled to the possession, of the property in
controversy, and inferentially that such property was of the
value of $200.  There is not any finding at all upon the very
material issues whether the defendant ever took the property
from the plaintiffs, or detained the same.  Assuming that the
jury's findings as made are correct, still the defendant cannot
be mulcted for costs, if he never wrongfully took or detained
the property.  That a verdict such as the one returned in this
action is not sufficient to sustain a judgment has been decided
many times.  (*Ridenour* v. *Beekman*, 68 Ind. 236; *Huff* v.
*Gilbert*, 4 Blackf. (Ind.) 19; *Swain* v. *Roys*, 4 Wis. 170.)

In support of his contention that the verdict is sufficient
counsel for respondents cites *Hynes* v. *Barnes,* 30 Mont. 25, 75
Pac. 523.  But we think there is a clear distinction to be noted
between the verdict in the *Hynes Case* and the one now before
us.  However, the attack made upon the verdict in the *Hynes
Case* did not raise the question now under consideration, as a
reference to appellant's brief in that case discloses.  All that
this court did determine with reference to the verdict is found
in the following languge: "The verdict is not open to the ob-
jection made."

It is also suggested by respondents that the appellant cannot be heard in this court for the first time to urge the objection now made to this verdict. But the rule for which respondents contend relates only to formal defects in the verdict, and not to matters of substance. In *Hamilton* v. *Murray,* above, this court held that for the failure of the verdict to find upon all the material issues, the result was in fact a mistrial.

Appellant argues that the complaint does not state facts sufficient to constitute a cause of action, but with this contention we do not agree.

Since a new trial must be had for the failure of the verdict to pass upon material issues presented by the pleadings, it is not proper to refer to the evidence.

The judgment and order are reversed, and a new trial is ordered.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied March 1, 1910.