## DALKE, Appellant, *v.* PANCOAST, Respondent.

(No. 4,782.)

(Submitted May 26, 1922. Decided June 15, 1922.)

[208 Pac. 589.]

*Claim and Delivery—General Verdict—Sufficiency—Estoppel—Instructions.*

Claim and Delivery—Effect of General Verdict.
1. Where, in claim and delivery, each party claimed to be the absolute owner of the property in controversy and neither asserted any right of possession independently of that of absolute ownership, a general verdict for plaintiff disposed of every issue presented and determined that he was the owner, entitled to possession, and that defendant's retention of the chattel was unlawful.

Same—General Verdict—Special Finding—Surplusage.
2. A special finding of the jury that plaintiff was entitled to the possession of the property, not being inconsistent with the general verdict rendered in his favor, may be disregarded.

Same—General Verdict Sufficient, When.
3. A general verdict alone is sufficient in an action in claim and delivery, if the issues warrant it.

Same—Verdict—Value, When Finding Unnecessary.
4. The provision of section 9363, Revised Codes of 1921, that in claim and delivery the jury shall find the value of the property, does not apply where the value is conceded by both parties to be a certain amount.

Same—Retention of Property—Damages—Failure of Proof—Verdict.
5. Failure of plaintiff to introduce evidence in support of his allegation that he sustained damages for the wrongful retention by defendant of the property claimed by plaintiff to have been his relieved the jury from finding on that issue.

Trial—Incomplete Instructions—Duty of Complaining Party.
6. A party desiring a more complete statement of the law than that contained in an instruction to the jury must tender one he deems proper, failing in which he cannot complain of the one given.

Estoppel—Failure to Plead—Instructions on Subject not Required.
7. Estoppel not having been pleaded by defendant, he was in no position to urge error in an instruction for failure to inform the jury that if plaintiff held out the person from whom he had bought as the owner of the property sued on, he would be estopped to deny such ownership as against one who purchased it from such person in reliance upon his ostensible ownership.

*Appeal from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by Robert L. Dalke against Clare Pancoast. From an order granting a new trial, plaintiff appeals. Reversed.

*Mr. Burton K. Cole,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Belden & De Kalb,* and *Merle C. Groene,* for Respondent, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.

In the absence of a showing of abuse of discretion by the court in granting a motion for a new trial the ruling must stand, and the supreme court will not disturb the ruling: (*Haggin* v. *Saile,* 14 Mont. 79, 35 Pac. 514; *State* v. *Mott,* 29 Mont. 292, 74 Pac. 728; *Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455; *McRae* v. *Lethlean,* 59 Mont. 215, 194 Pac. 1070.) The requirements of section 6760 of the Revised Codes of 1907 have not been met by the verdict returned in this cause. It has long been the general rule, exclusive of statute, that a verdict which finds but a part of the issues and says nothing as to the rest is wholly insufficient, because the jury have not tried the whole issue. (*Patterson* v. *United States,* 2 Wheat. (U. S.) 221, 4 L. Ed. 224 [see, also, Rose's U. S. Notes]; *Holt* v. *Van Eps,* 1 Dak. 206, 46 N. W. 689; *McCleary* v. *Crowley,* 22 Mont. 245, 56 Pac. 227; *Meighen* v. *Strong,* 6 Minn. 177, 80 Am. Dec. 441; *Cannon* v. *Smith,* 47 Neb. 917, 66 N. W. 999.)

Our statute, with reference to the character of actions in issue here, in section 6760, *supra,* specifically provides what the verdict of the jury shall pass upon. In two cases at least this court has held the verdict in the present case wholly insufficient. (*Woods* v. *Latta,* 35 Mont. 9, 88 Pac. 402; *Hickey* v. *Breen,* 40 Mont. 368, 20 Ann. Cas. 429, 106 Pac. 881.)

Appellant contends that the verdict rendered disposes of all of the issues. In fact, he says: "No wrongful taking was charged against this defendant and that question was not submitted to the jury." But the complaint must charge a wrong-

ful taking and does, and this material fact is denied in the answer. The verdict does not pass upon this issue.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in claim and delivery to recover possession of a Chalmers automobile. Plaintiff alleges that he is the owner and entitled to the immediate possession of the car (particularly describing it); that its value is $975; that about July 5, 1919, defendant wrongfully and without plaintiff's consent obtained possession of the car; that about July 19, 1919, plaintiff made demand upon defendant for possession; that the demand was refused; and that defendant still wrongfully detains the property. The answer admits that defendant obtained possession of the car about July 5, 1919, and retained possession thereafter, but denies that the possession was at any time wrongful; admits that the car is of the value of $975; admits the demand made by plaintiff and refusal by defendant; and otherwise puts in issue all the allegations of the complaint. The trial of the cause resulted in a verdict and judgment for plaintiff, but on defendant's motion a new trial was granted, and this appeal is from the order.

By a memorandum opinion the trial court indicated that the motion was granted solely upon the theory that the verdict will not support the judgment. The verdict is as follows: "We, the jury in the above-entitled action, do find that the plaintiff is entitled to the possession of the automobile in controversy in this action, and do find for the plaintiff and against the defendant."

The trial court assumed to justify its conclusion upon the authority of *Woods* v. *Latta*, 35 Mont. 9, 88 Pac. 402, and *Hickey* v. *Breen*, 40 Mont. 368, 20 Ann. Cas. 429, 106 Pac. 881. In each of those cases a special verdict only was returned, and in each instance the verdict failed to find upon all of the issues submitted to the jury. This court did not go further in its decision of either case, upon the question of the

sufficiency of the verdict, than to state the most elementary rule that a special verdict must find upon all the issues presented to the jury—a rule that is incorporated in substance in the last sentence of section 9360, Revised Codes of 1921.

The pleadings and the evidence in this case presented to the [1–5] jury the question of ownership of the car and the right of possession as an incident of that ownership. Each party claimed to be the absolute owner, and neither claimed any right of possession independently of his claim of absolute ownership. The verdict quoted above is a general verdict. It finds for the plaintiff and against the defendant, and disposes of every issue presented. It determines that plaintiff is the owner of the car and entitled to the immediate possession of it, and that the defendant's retention was wrongful. (*O'Farrel.* v. *McClure,* 5 Kan. App. 880, 47 Pac. 160; *Kluse* v. *Sparks,* 10 Ind. App. 444, 36 N. E. 914, 37 N. E. 1047.)

In addition to the general finding, the jury found specially that plaintiff is entitled to the possession of the car, but since this finding is not inconsistent with the general verdict it may be disregarded. It does not impair the verdict in the least. (*Washburn* v. *Roberts,* 72 Ind. 213.)

That a general verdict alone is sufficient in an action in claim and delivery, if the issues warrant it, is determined by our statute. (Sec. 9361, Rev. Codes 1921; *Wheeler* v. *Jones,* 16 Mont. 87, 40 Pac. 77.)

Section 9363 provides that in an action in claim and delivery the jury "shall find the value of the property," but this means only that the value shall be found whenever it is in issue (*Frank* v. *Symons,* 35 Mont. 56, 88 Pac. 561), and the reason for the requirement is that the judgment must be in the alternative (sec. 9406, Rev. Codes 1921), which requires that the value be determined by the pleadings or by the jury. In this instance the value of the car was conceded by both parties to be $975, and there was therefore nothing for the jury to find upon the question of value.

Section 9363 provides also that the jury may assess the damages which the prevailing party sustained. Plaintiff claimed $150 damages in his complaint, but did not offer any evidence to support the allegation; hence there was not anything upon which a verdict for damages in favor of the prevailing party could be sustained. Furthermore, the section declares: "But failure to find all the facts mentioned in this section shall not invalidate the verdict." (*Chestnut* v. *Sales,* 44 Mont. 534, 121 Pac. 481.)

It is not controverted in the evidence that plaintiff was, at one time, the owner of the car and entitled to its possession. The defense interposed was that defendant had purchased the car in good faith for value from one W. B. Shelly, and Shelly testified that he had purchased it from plaintiff. Plaintiff denied that he had ever sold the car to Shelly or had authorized him to dispose of it; indeed, the evidence concerning the entire transaction between plaintiff and Shelly is in sharp conflict, but the jury resolved the conflict in favor of plaintiff, and it is made manifest that the trial court did not grant a new trial upon the ground of insufficiency of the evidence.

It is suggested by counsel for defendant that certain in-
[6] structions given by the court are erroneous, and that if the court reached the right conclusion upon the motion, the particular reason assigned will not be controlling. Instructions 1 and 3 are correct so far as they go, and if defendant desired a more complete statement of the law in either instance, it was incumbent upon him to tender a proper instruction, and the record fails to disclose that he did so.

Instructions 2 and 4 are attacked upon the ground that each
[7] of them omits to inform the jury that if plaintiff held Shelly out as the owner of the car, he would be estopped to deny such ownership as against anyone who purchased from Shelly relying upon his ostensible ownership, but the defense of estoppel was not pleaded, and for this reason neither instruction is open to the objection now made.

The court erred in granting a new trial, and the order is reversed.

*Reversed.*

ASSOCIATE JUSTICES COOPER, FARR and GALEN and HONOR-ABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.