HENNESSY CO., RESPONDENT, *v.* WAGNER ET AL., APPEL-
LANTS.

(No. 5,308.)

(Submitted November 1, 1923. Decided November 10, 1923.)

[220 Pac. 101.]

*Claim and Delivery—Complaint—Insufficiency—Defective Judg-
ment.*

Claim and Delivery—Complaint—Possession—Value of Property.
   1.   To state a cause of action in claim and delivery, the complaint
must allege ownership or right of possession in plaintiff, that de-
fendant is wrongfully in possession, and the value of the property.

Same—Demand—Complaint must Allege When.
   2.   Where defendants in an action in claim and delivery obtained
possession of household goods rightfully under an executory con-
tract of purchase, plaintiff was required to plead a demand for
them and a refusal thereof as prerequisites to a termination of
their right of possession and the creation of the right to im-
mediate possession in plaintiff.

Same—Judgment to be in Alternative.
   3.   In claim and delivery the judgment must be in the alternative—
for delivery of the possession of the property, or for its value in
case delivery cannot be made.

*Appeal from District Court, Silver Bow County; Joseph R.
Jackson, Judge.*

ACTION by the Hennessy Company against C. S. Wagner
and wife. Judgment for plaintiff after overruling of demurrer
to complaint, and defendants appeal. Reversed and remanded,
with directions to sustain demurrer.

Cause submitted on brief of Counsel for Appellant.

1.   Necessity and sufficiency of allegation as to ownership or right of
possession in action of replevin, see notes in 11 **Ann. Cas.** 1150; **Ann. Cas.**
1912A, 333.
   2.   Time for making demand necessary to support action of replevin,
see note in 14 **Ann. Cas.** 815.

[69 Mont. 46.]

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant.

Citing: *Hickey* v. *Breen,* 40 Mont. 368, 20 Ann. Cas. 429, 106 Pac. 881; *Bennett Bros. Co.* v. *Tam,* 24 Mont. 457, 62 Pac. 780; *Watkins* v. *Jensen,* 58 Utah, 13, 197 Pac. 222; *Home Payment Jewelry Co.* v. *Smith,* 24 Cal. App. 486, 141 Pac. 933; *Chestnut* v. *Sales,* 44 Mont. 534, 121 Pac. 481; *Yancey* v. *Northern Pac. Ry. Co.,* 42 Mont. 342, 112 Pac. 533; *Cameron* v. *Wentworth,* 23 Mont. 70, 57 Pac. 648.

No appearance in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in claim and delivery. The complaint states that at the time this action was commenced in January, 1921, the plaintiff was the owner and entitled to the immediate possession of certain household goods, particularly described; that in December, 1918, the defendants contracted to purchase the property, and executed an agreement in writing whereby they bound themselves to pay to the plaintiff $827.80 in installments, $75 in cash and $25 per month thereafter until the full sum was paid; that title to the property was to remain in the plaintiff until the purchase price was fully paid; that defendants owe a balance of $300 on the contract which they refuse to pay; that the property has not been taken for a tax, assessment, or fine, *etc.* It is alleged: "That a copy of said contract mentioned herein is filed herewith and made a part hereof, as fully as if written herein, and marked Exhibit A."

To that complaint defendants interposed a general demurrer, which was overruled, and upon their refusal to plead further their default was entered, and, after a hearing, judgment was rendered, "that the plaintiff is entitled to the immediate possession of said personal property herein named and described." Defendants have appealed from that judg-

ment, and urge that the complaint does not state a cause of action, and that the judgment is erroneous.

That the complaint does not state a cause of action in claim and delivery, or at all, is perfectly apparent.

1. There is not even an intimation that the defendants ever [1]   were in possession of the property or any part of it. The very purpose of the action in claim and delivery is to recover the possession of personal property wrongfully detained by the person against whom the action is prosecuetd. (Secs. 9220 and 9221, Rev. Codes 1921; *Gallick* v. *Bordeaux,* 31 Mont. 328, 343, 78 Pac. 583.) It is elementary that the action will not lie against one who is not in actual or constructive possession of the property at the time the action is commenced, and to state a cause of action the complaint must allege, not only the ownership or right of possession in the plaintiff, but that the defendant is wrongfully in possession. (*Hickey* v. *Breen,* 40 Mont. 368, 20 Ann. Cas. 429, 106 Pac. 881; *Chestnut* v. *Sales,* 44 Mont. 534, 121 Pac. 481.)

2. The complaint fails to state the value of the property or that it has any value. Since section 9363, Revised Codes of 1921, requires that the value of the property must be found, it is necessary that the complaint shall state the value in order that issue may be joined thereon if defendants so desire. (*Lomme* v. *Sweeney,* 1 Mont. 584; *Tucker* v. *Parks,* 7 Colo. 62, 1 Pac. 427.)

3. The complaint fails to allege that a demand has been [2]   made upon the defendants for the return of the property. The written agreement referred to in the complaint is not made a part of it, and is not in the record. It may be assumed, however, that the pleader has stated its legal effect, and, if so, we have presented an executory contract or contract to purchase certain personal property—such a contract as is contemplated by sections 7585 and 7594, Revised Codes of 1921. It is only by inference that it can be said that the contract was entered into between these defendants and the plaintiff; but, assuming that it was, and assuming further that possession

of the property was delivered to the defendants pursuant to that contract, it would seem to follow necessarily that their possession was rightful in the first instance, and, if it was, then they could be put in the wrong only by a breach of the contract on their part, a demand for possession by plaintiff, and a refusal of the demand by defendants. There is not any suggestion in the complaint that they have not fully kept and performed the contract in all things by them to be kept and performed. It does not appear what amount they have paid on the purchase price or that they have not paid in full. The statement in the complaint "that said defendants owe a balance of $300 on said contract" is but the bald legal conclusion of the pleader.

If the defendants were rightfully in possession in the first instance, then a demand for the property and a refusal of the demand are necessary prerequisites to the termination of that right of possession in them and the creation of the right to immediate possession in the plaintiff. (*Campbell* v. *Jones,* 38 Cal. 507; *Davenport* v. *Alexander,* 53 Cal. App. 688, 200 Pac. 771; *Hays* v. *Robinson,* 35 Idaho, 265, 206 Pac. 173; 23 R. C. L., p. 888, sec. 42; 34 Cyc. 1404, 1405.)

4. The judgment is erroneous in that it merely adjudges [3] that plaintiff is entitled to the immediate possession of the property, and directs that possession be delivered to it. In an action of this character the judgment must be in the alternative, for the delivery of the possession of the property or for its value in case a delivery cannot be made. (*Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523; *Dalke* v. *Pancoast,* 63 Mont. 524, 208 Pac. 589.)

The judgment is reversed and the cause is remanded, with directions to sustain the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.