**GRANDE RONDE PINE CO. v. PULVER et al.**

**No. 102.**

District Court, D. Montana, Butte Division.

May 29, 1943.

H. L. Maury, A. G. Shone, and M. Baxter Larson, all of Butte, Mont., for plaintiff.

John K. Claxton and Harlow Pease, both of Butte, Mont., for defendants.

BALDWIN, District Judge.

It is stated in the complaint on file herein that the plaintiff, a citizen of the State of Oregon, demands judgment against the defendants, both citizens of the State of Montana, for the possession of personal property of the reasonable value of $8,000, now at the Mammoth Mine, near Twin Bridges, in Madison County, Montana, specifically described as: One (1) size 18 x 10½ x 12″ type XRE 2, direct connected, motor driven compressor, with starting unloader and necessary flywheel effects, self starting synchronous motor, 150 h. p., 1 P. F. 50 deg., C-2200 volt, 3 phase, 60 cycle, One (1) R-8, 48″ x 12″ air receiver, ASME Standard with usual fittings. One (1) 2 unit type SCF filter complete. One (1) synchronous motor starting panel complete; of which he has at all times since November 22, 1941, been and now is the owner and entitled to the immediate possession, the possession of which is withheld by defendants from plaintiff without right after demand made by plaintiff upon them, on October 14, 1942, that they give to the plaintiff possession of all of said property.

The defendants, appearing separately, moved the Court as follows:

"That the plaintiff furnish a bill of particulars and more definite statement as to the origin and nature of the title and right of possession, which by the complaint herein it asserts to the property in controversy; on the ground that in order to prepare for trial of this cause the defendant requires to be informed as to the manner in which plaintiff claims to have acquired title to said property.

"Pursuant to the requirement of Rule 12(e), this moving defendant asserts that it cannot be determined from the contents of the complaint whether plaintiff will assert a title derived directly from this moving defendant, or from some other person, and in any event, whether the statutes of Montana with reference to consent of stockholders to the sale of corporate property were complied with in the premises; or whether plaintiff will assert a title paramount to this of this moving defendant."

The defendant Pulver also moved: "That this action be dismissed as to this moving defendant, on the ground that the complaint fails to state a claim on which relief can be granted."

These motions were argued orally in open court and at the conclusion of the arguments the parties litigant were each granted time to prepare, serve, and file with the Clerk of this Court a memorandum of authorities in support of their contentions.

The defendants filed a joint memorandum of authorities within the time allowed.

### On Motion to Dismiss.

The complaint is based upon the provisions of Sections 8712 and 8713 of the Revised Codes of Montana, 1935, which are as follows:

"8712. Judgment for delivery of personal property. A person entitled to the immediate possession of specific personal property may recover the same in the manner provided by the Code of Civil Procedure." and,

"8713. When holder may be compelled to deliver. Any person having the possession or control of a particular article of personal property, of which he is not the owner, may be compelled specifically to deliver it to the person entitled to its immediate possession."

It is clear that when the facts stated in the complaint herein are accepted as true and considered in the light of the code sections referred to above the motion to dismiss is not well grounded.

In their memorandum of authorities the defendants concede this to be true in these words: "In the light of the court's suggestion in the course of argument, we have re-examined the complaint, and are of the opinion that under Hennessy Co. v. Wagner, 69 Mont. 46, [220 P. 101] and other Montana decisions, it is not demurrable."

### On Motion for Bill of Particulars.

In their memorandum of authorities the defendants state their position with reference to their separate motions for a bill of particulars in these words:

"Under Rule 12(e) the bill may be ordered in either of two contingencies, (1) 'to enable him properly to prepare his responsive pleading' (2) 'Or (not And) to prepare for trial.' The rule further requires that the motion 'point out the defects complained of and the details desired.'

"The present case happens to be claim and delivery, where the preparation of a responsive pleading is not difficult, but where the mere allegation of ownership and right of possession on the one hand, and the denial thereof on the other, discloses nothing and conceals everything as to the facts on which the respective parties rely. One may become the owner of personal property in a variety of ways, each involving a different body of evidential matter, and calling for, or permitting, various forms of defense. In that the complaint thus fails to give information as to the plaintiff's source of title, it is 'defective' within the meaning of Rule 12(e), and our motion points this out, and requests to be informed whether plaintiff's alleged title is predicated on a purchase from the defendant itself, or upon a paramount title, so that we may know what witnesses to summon. In particular, we anticipate that if the plaintiff will claim to have acquired title directly from the defendant corporation, under the laws requiring notice to stockholders, etc., one set of witnesses will be required (including many stockholders residing at long distances); whereas, if a paramount title is invoked, surely we have the right to see about that well before the case is tried, and obtain such evidence as may be available in derogation of such paramount title.

And if the plaintiff is permitted to conceal its fact theory until the day of trial, defendant will be at an unfair disadvantage, and may also be put to needless expense."

■ In considering the merits of these motions it must be borne in mind that Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, should not be so construed as to destroy the fundamental distinction between pleading and proof. Jessup & Moore Paper Co. v. West Virginia Pulp & Paper Company et al., D.C. District of Delaware, 25 F. Supp. 598, 600.

■ It is obvious that if defendants' motions for a bill of particulars are granted the plaintiff herein will be compelled to set out in his complaint, in much detail, the evidence he expects to present at the trial, which, in my opinion, is neither proper nor necessary.

In United States v. Schuchhardt, D.C. N.D.Indiana, 48 F.Supp. 876, 877, 878, the Court states the rule which I believe should control the decision in the instant case in these words:

"Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief to which he deems himself entitled.

"If the requests of the defendant were granted, the government would have to set out in much detail the evidence that it expects to present at the trial. This would manifestly be improper as a part of plaintiff's pleading."

Rule 33 of the Federal Rules of Civil Procedure provides the defendants with a simple and effective way of acquiring the information they seek.

It follows that each and all of said motions should be and they are hereby denied.

Each of the defendants is hereby granted ten (10) days after notice of these rulings in which to prepare, serve and file his or its answer to the complaint on file herein.