ART RYKKEN, PLAINTIFF AND RESPONDENT, *v.* JACK BLACK AND BUILDING AGENCIES, INC., A CORPORATION, DEFENDANTS AND APPELLANTS

No. 9803.
Submitted November 3, 1959. Decided February 3, 1960.
348 Pac. (2d) 998.

See **C. J. S.** Partnership, § 376.

Ralph L. Herriott, Billings, argued orally for appellants.

Paul G. Olsen, Wiggenhorn, Hutton, Schlitz and Sheehy, John C. Sheehy, Billings, for respondent. John C. Sheehy argued orally.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal by the defendants from a judgment entered upon a jury verdict in the District Court of Yellowstone County. The complaint sought recovery of certain personal property, being 200 squares of "ceramo" siding and 400 pounds of cadmium nails, or in lieu thereof their value, in the sum of $3,520, plus damages in the amount of $1,000 and costs of suit.

It appears that prior to April 13, 1956, Art Rykken and Del McIntee were co-partners, doing business as the Billings Roofing Company. This partnership was formed in the summer of 1955 after a severe hail storm in the area of Billings, Montana, had caused considerable damage. The partnership agreement was oral, Rykken agreeing to furnish the capital and McIntee agreeing to contribute his experience in the roofing and siding business, of which Rykken had none. The partnership ordered material, rented a warehouse and commenced operations. Thereafter McIntee began to use alcoholic beverages to excess and became unable to properly and adequately attend to the part-

nership business. The parties quarreled a number of times and on or about April 11, 1956, Rykken informed McIntee over the telephone that the partnership was at an end. On April 13, 1956, in a telephone conversation with Rykken's wife, the bookkeeper of the partnership, McIntee expressed his agreement to dissolution of the partnership. Thereafter McIntee did no business for the partnership, and the evidence indicates that he actually became employed by the defendant corporation, a competitor in the roofing and siding business.

On or about May 21, 1956, Rykken discovered that the padlock which secured the warehouse containing the partnership property had been broken off, the warehouse entered, 200 squares of "ceramo" siding and 400 pounds of cadmium nails removed therefrom, and a new padlock secured to the door. Rykken testified that it had been agreed between him and McIntee that Rykken should have control over the warehouse and that pursuant to that agreement, he had the only key thereto.

The evidence reveals that the siding and nails had been procured from the warehouse, delivered to the warehouse of defendants, in defendants' truck and that McIntee purportedly "sold" the same to defendants. Defendant Black testified that he paid McIntee cash for the materials, but was unable to remember if a receipt had been given him. Although Black testified to the contrary, there was substantial evidence to indicate that Black knew of the dissolution of the partnership previous to his "transaction" with McIntee. There also was substantial evidence which indicated that McIntee was actually employed by defendants at the same time.

Rykken and his wife brought this action, in the nature of claim and delivery, to recover the materials, or in lieu thereof, the value thereof. McIntee was originally joined as a defendant with Black and Building Agencies, Inc., a corporation substantially owned by Black, but prior to trial McIntee died and the action was dismissed against hmi. The action was also dismissed as to Rykken's wife during trial proceedings.

The sufficiency of the complaint to state a cause of action is the sole question raised by the specifications of error.

The plaintiff in his complaint as amended, alleged the corporate nature of defendant, Building Agencies, Inc., the existence of a partnership between plaintiff and McIntee, "that accordingly on or about April 13, 1956, the said partnership was dissolved because of the wrongful acts of the said partner, Del McIntee, by the remaining partners *by their express will* and the said partners so informed the said partner of the termination of the said partnership, that thereafter, the plaintiffs as the surviving partners of said partnership became entitled to the possession and retained possession of the partnership property * * * pending the winding up of the said co-partnership"; that on or about the 20th day of May 1956, the plaintiff was entitled to the possession of the 200 squares of "ceramo" siding and the 400 pounds of cadmium nails of the total value of $3,520; that the defendants wrongfully took into their possession this property; that the plaintiffs are entitled to possession of the same; that on May 21, 1956, the plaintiff demanded possession of the property but defendants refused delivery; and that defendants still unlawfully withhold and detain said personal property to the damage of plaintiff in the sum of $4,120.

Defendants answered by a general denial.

Defendants contend that plaintiff's allegation that he is entitled to possession, an essential allegation to a complaint in an action of claim and delivery, is but a conclusion of law and therefore the complaint is insufficient. Defendants' contention is based on a construction of two sections of the Uniform Partnership Act, sections 63-504 and 63-509, R.C.M. 1947.

Section 63-504, so far as applicable, provides:

"(1) On application by or for a partner the court shall decree a dissolution whenever:

"(a) A partner has been declared a lunatic in any judicial proceeding or is shown to be of unsound mind,

"(b) A partner becomes in any other way incapable of performing his part of the partnership contract,

"(c) A partner has been guilty of such conduct as tends to affect prejudicially the carrying on of the business,

"(d) A partner wilfully or persistently commits a breach of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him,

"(e) The business of the partnership can only be carried on at a loss,

"(f) Other circumstances render a dissolution equitable."

Section 63-509, provides:

"Unless otherwise agreed the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner, not bankrupt, has the right to wind up the partnership affairs; provided, however, that any partner, his legal representative or his assignee, upon cause shown, may obtain winding up by the court."

Defendants argue that where a partnership is dissolved by the wrongful act of a partner, before the other can claim the right to wind up the partnership pursuant to section 63-509, supra, and claim exclusive right to possession for that purpose, a dissolution must first be decreed by a court of equity pursuant to section 63-504, supra, wherein the other partner is adjudged the wrongful party.

This contention may well have merit in a proper case, but it is not appropriate here. This is a dispute between a partner and a third person as to the right to possession of partnership property, acquired by the third person after dissolution of the partnership *by the express will of the partners.*

In Johnson v. Johnson, 92 Mont. 512, 516, 15 Pac. (2d) 842, 843, this court, speaking through Mr. Justice Matthews, set forth definite standards by which pleadings should be judged. This court there said:

''While a bare legal conclusion does not aid the pleader, as it is ineffective for any purpose as a pleading, * * * and is therefore insufficient to withstand a general demurrer, * * * the allegations of a complaint must be liberally construed with a view to substantial justice between the parties. Section 9164, Rev. Codes 1921 [now section 93-3801, R.C.M. 1947]. Under the legislative mandate, a complaint attacked by general demurrer will be held sufficient, although defective in many particulars, if it alleges directly, or by necessary inference, facts showing the plaintiff's primary right and its infringement by the defendant, * * * and is sufficiently certain to enable the opponent to prepare his evidence to meet the alleged facts.'' The court further stated: ''Matters of form and redundant matter will be disregarded, and if upon any view the plaintiff is entitled to any relief, the sufficiency of the pleading will be sustained.''

To state a cause of action in claim and delivery, plaintiff must allege that he has the right to possession, that defendant is wrongfully in possession, and the value of the property. Hennessy Co. v. Wagner, 69 Mont. 46, 48, 220 Pac. 101. Where defendant rightfully acquired possession but is no longer entitled thereto, a demand for return of the property must be alleged by the plaintiff. Hennessy Co. v. Wagner, supra.

Generally, after dissolution of a partnership, each partner has an equal right to the possession of firm assets. 68 C.J.S. Partnership, section 363, page 869. By alleging the existence of the partnership, and the subsequent dissolution by express will of the partners, plaintiff alleged facts sufficient to show his right to possession. The other essential elements of an action in claim and delivery having been also alleged, the complaint is sufficient to state a cause of action.

Defendants, in their brief, proceed on the assumption that it is necessary to allege an ''exclusive'' right to possession to state a cause of action in claim and delivery. As is apparent from the record, defendants claim to have rightfully acquired

470

possession from one of the former partners, Del McIntee, but this is a matter of defense, an issue to be decided by the jury. Plaintiff is not required to anticipate the defense and circumvent it in his complaint.

The cases cited by defendants in their brief concern the right of an aggrieved partner to secure judicial dissolution of a partnership where the other partner is charged with wrongful acts inconsistent with continuation of the business. No authority is cited which forbids a partner to recover possession of partnership property which is held by a third party after dissolution by express will.

For the reasons stated, the judgment is affirmed.

MR. JUSTICES BOTTOMLY, ADAIR, ANGSTMAN and CASTLES concur.